Johnson, Ch. J.
This motion to dismiss the defendant’s appeal is made upon the ground that no Case and exceptions have been prepared in accordance with the Code and the practice of the court. It is apparent from the slightest inspection of the papers that the fact is so; and the only question, therefore, is, whether this ease can be brought within the single *530 exception to the rule which was created by the Laws of 1858 (ch. 300, § 19). The exception is confined to appeals in actions which were originally commenced in the late Court of Chancery of this State. Unless we are prepared to say that the Legislature did not know that, after the abolition of the Court of Chancery, equity suits were brought in the Supreme Court in equity until the passage of the Code, we cannot say that, by “ actions commenced in the late Court of Chancery,” they meant equity suits wherever commenced.
Another ground is also taken by the appellants, that this is a cross-bill in equity, and therefore a continuance of the original suit of Merritt, executor, v. Griffith et al, which was commenced in the late Court of Chancery. That was a suit to foreclose a mortgage; and a cross-bill, technically speaking, must be confined to the subject matter of the original bill, and cannot introduce, new and distinct matters not embraced in the original suit; and if it do so, no decree can be founded on those matters. (3 Dan. Ch. Pr., 1743.). The bill in this cause was not of that character. While it contained defensive allegations against the claim in the other suit, it was substantially a bill for an account of a trust, on which the plaintiff claimed that a large sum was due to him from the mortgagee, for which he sought a decree. This suit appears to have been carried on after answer, and heard and decided as an original and independent cause, and does not appear to have been heard with or disposed of in connection with the other. Indeed, it is pretty apparent that the existence of the foreclosure suit has been brought to light mainly for the purpose of avoiding a proper settlement of the Case in this cause, and throwing upon this court the examination of the cause at large upon the evidence. We are satisfied that it is not now in a condition to be heard, and that the respondent is entitled to have the appeal dismissed, unless the appellant shall pay the costs of this motion and proceed with diligence to have a Case settled in the Supreme Court.
Ordered accordingly.