Monell, J.
An examination of some of the recent and leading cases in this state, will establish, I think, beyond all reasonable doubt, that the order of Norton upon the defendants operated as an equitable assignment to the plaintiffs of the proceeds of the goods consigned to Marquette at Havana.
In Lowery v. Steward, (25 N. Y. Rep. 239, affirming S. C. 3 Bosw. 505,) a draft was drawn by the consignor upon the consignee of cotton, to pay the plaintiffs five hundred dollars “ on account of twenty-four bales cotton shipped to you as per bill of lading, by steamer Colorado, inclosed to you in letter.” The bill of lading was accompanied by a letter advising the defendants (consignees) of the draft. The court say, that was a clear and specific appropriation of $500 of the proceeds of the cotton, when sold, to the *162 use of the plaintiffs, (payees of the draft,) payable on presentation of the draft; and that the defendants were bound to keep $500 of the proceeds to meet the draft, and not to appropriate the fund to their use, or to any other use, after notice of the draft.
In Parker v. City of Syracuse, (31 N. Y. Rep. 376,) a street contractor drew upon the comptroller of the city, a draft to pay $1420, “on plank road and sidewalk accounts,” which on the same day was left by the payee with the comptroller. Such order, the court say, was a valid equita-. ble assignment of. the demand which the drawer had against the city; and that the delivery of the order to the comptroller was sufficient notice of the assignment, to charge the city..
In neither of the cases cited, was there an acceptance of the draft, although there was some evidence of a promise to pay, or of some assurance that the draft would be paid. But the court did not regard an acceptance necessary, and Judge Denio, in the last case cited, says: “ Had there been nothing to qualify it,” the city was bound.
The earlier cases, many of which are collected in Cowperthwaite v. Sheffield, (3 N. Y. Rep. 243,) in distinguishing between bills of exchange and equitable assignments, state the difference to be in the intention of the drawer. If from the nature of the transaction it was his design to make a specific appropriation of the fund to the payee, or if he intended to transfer his whole interest in the goods, or their proceeds in the hands of the drawee, it was an assignment and not a bill of exchange. And the design which is thus resorted to, to give effect to the draft, either as a bill of exchange or as an assignment, is in most cases determinable from the draft itself. If it is manifest that the drawer 'intended to appropriate a particular fund in the hands of the drawee, to the payment of the draft, it operates as an assignment, and notice without acceptance *163 is all that is necessary, to hind the fund pro tanto, in the hands of the drawee. And the same effect is given to an order to pay all the moneys in the drawee’s hands, belonging to the drawer; (Harris v. Clark, 3 N. Y. Rep. 93, 115,) or to pay out of a particular fund. (Phillips v. Stagg, 2 Edw. R. 108. Winter v. Drury, 5 N. Y. Rep. 530. Chapman v. White, 6 id. 416.)
The result of all the cases is, that an order or draft drawn upon a particular or specified fund, or which in terms, or by necessary implication, appropriates a particular fund to its payment, operates as an equitable assignment of such fund, after notice. In such case an acceptance is not necessary, and the drawee, upon notice of the draft, is bound to keep the fund, (as is said in Lowery v. Steward, ubi sup.) as a special deposit to meet the draft.
In the case before me the order or draft was to pay “ all moneys,” the entire proceeds of a single consignment, of goods, pointed out and designated as the goods shipped to Havana, and consigned to Marquette. Here was pot only a draft upon a particular and specified fund, but also a clear appropriation of the fund itself for the payment of the draft; and the appropriation and transfer was made in a way that authorized the defendants to pay the proceeds of the goods to the plaintiffs without further intervention of Horton, the drawer. (Hoyt v. Story, 3 Barb. 262.)
Under these circumstances the plaintiffs have a right to an account from the defendants, of the proceeds of the goods shipped to Havana; and are entitled to judgment against the defendants, for the balance in their hands, after deducting any advances made by them upon such shipment, prior to receiving notice of such draft, and their lawful commissions and charges, to ascertain all which there must be a reference.
The defendants must also pay the plaintiffs’ costs of this action, to be taxed,