No. 12,864.

STATE OF LOUISIANA EX REL. SIMMONS & COHN VS. HON. GEORGE H. THEARD, JUDGE DIVISION E, CIVIL DISTRICT COURT.

50  621
52  1617

The cession by the debtor to his creditors, operating on all his property, that subject to privileges and mortgages as on that not encumbered, vests in the creditors the right of possession of all such property, to be held, sold, and

proceeds applied by the syndic of the creditors to the payment of the debts of the ceding debtor, all rights of the mortgage and privileged creditors being preserved in the proceeds. Revised Statutes, Secs. 1790, 1791, 1816; Civil Code, Arts. 2170, 2176 *et seq.;* 1 Hennen's Digest, p. 689, Nos. 11, 13, 15.

Hence, the possession by the sheriff of the debtor's property, under writs in suits pending, is divested by the cession, the property transferred to the syndic, the suit is arrested in its further progress, and the right to release on bond in sequestration suits given to plaintiff ceases, when, prior to his application to bond, the defendant makes a cession to his creditors. *Ibid.;* 1 Martin, 207; 4 Martin, 264; 12 Martin, 666; 14 An. 648; 12 Martin, 32; 8 Rob. 172.

ON APPLICATION for a Writ of *Mandamus.*

*Lazarus, Moore & Luce* for Relators.

Respondent Judge *pro se.*

Submitted on briefs June 13, 1898.
Opinion handed down June 21, 1898.

The opinion of the court was delivered by

MILLER, J. The relators apply for the writ of *mandamus* directing the judge of the Civil District Court, Division " E " to grant them the order to bond certain merchandise seized under the writ of sequestration in their suit against the purchaser for the price and asserting the vendor's privilege.

It appears that a few days after the relators brought their suit against their debtor, he made a cession of his property and the judge of the lower court appointed a provisional syndic, the merchandise on which the relators claim the vendor's privilege then being in the sheriff's hands under the writ of sequestration issued by relators. Subsequently, the ten days allowed the defendant to bond the property having elapsed, the relators made the application to give bond and thereby obtain possession of the property, the relators claiming that the cession of their debtor did not divest them of the right to bond conferred by law on the plaintiff when the defendant on the writ fails to bond within ten days from the time the property is taken into possession by the sheriff. Code of Practice,

Art. 279. The application of plaintiff was refused by the court, on the ground that the cession of property arrested all suits against the debtor, and necessarily precluded the application to bond made by his creditor in the suit against the debtor pending, when the cession was made, the cession dissolving the writ of sequestration and transferring the merchandise sequestered to the possession of the syndic to be sold by him with all other property of the debtor in due course of the syndic's administration.

The well defined effect of the cession of property is to transfer all the property of the ceding debtor to his creditors and to the possession of the syndic when appointed, holding for them; the cession operates on all property, that subject to liens and mortgages as well as on that not encumbered; transfers all suits pending against the debtor to the court accepting the cession; forbids any further suits or proceedings against the debtor, and substituting the syndic's possession for that of the sheriff, dissolves all writs by which prior to the cession the sheriff may have held the property. Revised Statutes, Secs. 1790, 1791, 1816; Civil Code, Arts. 2170, 2176; 1 Hennen's Digest, p. 687, Nos. 1, 11, 12; p. 689, No. 15 *et seq.* The policy of the insolvent laws is that the entire property of the debtor shall pass under the administration of the syndic to be sold by him, and the proceeds distributed subject to the privileges or mortgages of the creditors preserved on the proceeds. It is manifest this purpose of the law would be defeated if after the cession, the privilege creditor could, by furnishing a release bond, withdraw from the syndic that part of the debtor's property on which the creditor asserts the vendor's privilege. It is contended the statute originally of 1842 now weaved into Art. 279 of the Code of Practice, giving to the plaintiff the right to bond property sequestered, constitutes an exception to the rule that all property passes to the syndic. In our view the statutory right given to plaintiff in sequestration suits must be construed as subordinated to the provisions of our insolvent system prohibiting any interference with the syndic's custody of all the debtor's property, so essential to his complete administration, and conferred so explicitly by the law when the act of 1842 was passed. On settled rules of construction we think no such repeal or modification of existing legislation can be attributed to the general act of 1842, as is claimed in the argument for relator. The act gives to plaintiff

the right to bond except when prior to the application to bond the debtor has made a cession.  When that occurs in our view the cession acts on all property of the debtor, embracing as well that under seizure as his other property.  This result, too, is affirmed by the general course of our jurisprudence applied to the varied phrases in which our courts have been called on to deal with the effect of the cession.  Elmes vs. Estevan, 1 Martin, 193; Flower vs. Millaudon, 19 La. 191; Jacobs vs. Bogart, 7 Rob. 162; Keyes vs. Shannon, 8 Rob. 172; Marr vs. Lartigue, 2 M. 98; Beck vs. Brady, 6 An. 444. It is urged that notwithstanding the cession, the relator in. this case should be allowed to prosecute his suit against the syndic and recover his judgment.  If the relator is allowed to bond, the bond represents the property.  If the relator prosecutes his suit it is with the view of maintaining his privilege.  If as we hold the property passed to the creditor by the cession to be held and administered by the syndics, the asserted right to continue the suit, if conceded, could not, whatever its result, defeat the possession of the syndic. If no suit after the cession can interfere with the syndic's possession, neither can that possession be disturbed by permitting the creditor to give a release bond, the incident of his suit.  Again, a suit against the syndic, to establish a privilege on the property of the ceding debtor can have no effect against other creditors, the real parties in interest in any] litigation in which privileges are asserted against the debtor's property.  Hence, the privilege which the relator's suit proposes to establish on the debtor's property must be asserted contradictorily with the creditors, and not in a suit against the syndic.  R. S., Secs. 1790, 1791, 1816; Cox vs. Zeringue, 4 Martin 264; Mayhew vs. McGee, 12 Martin, 666; Fabre vs. McRae & Provosty, 14 An. 648; Tenny vs. Provosty, 14 An. 221.  Our conclusion is that after the cession the right to bond the property of the ceding debtor sequestered before the cession ceases, because, by that event, the property passes to the syndics, whose possession can not be disturbed; and no suit by a creditor to establish a privilege on the property embraced in the cession can be prosecuted against the syndic.

It is therefore ordered, adjudged and decreed that our previous order herein be set aside and that relator's application be denied at his costs.