## HUBBELL and CURRAN vs. CRAMP and others.

The bankrupt act of August, 1841, makes the discharge and certificate, when duly granted, a full and complete discharge of all the debts of the bankrupt provable under that act. And to render a debt provable under the act, it is not necessary that it should have been stated in the petition, presented to the district court in which the proceedings in bankruptcy were instituted.

The omission of the name of a creditor, in the list of creditors, by mistake, or in consequence of the ignorance of the bankrupt of the existence of the debt, or of his belief that it had been paid, will not prevent the creditor from proving his debt under the act, so as to entitle him to his share of the bankrupt's property.

The bankrupt act does not require absolute certainty in the petition, either as to the creditors, or as to the inventory of the property of the bankrupt; but it requires that the bankrupt should set forth both according to the best of his knowledge and belief.

It seems if the bankrupt, in his petition, intentionally omitted the names of any of his creditors, or wilfully misstated the places of their residence or the amount of their debts, that his discharge can be avoided, upon that ground.

Where the district court obtains jurisdiction of the case, the discharge and certificate are a complete bar to all suits against the bankrupt; unless the discharge is impeached for some fraud, or for wilful concealment, by him, of his property or his rights of property.

The mere regularity of the proceedings in bankruptcy, subsequent to the presenting of the petition, cannot be inquired into collaterally, where there is no fraud in the case.

Where a plaintiff, who had recovered a judgment before the decree in bankruptcy, files a creditor's bill against the bankrupt after he has obtained his discharge, and does not in his bill, impeach the validity of the discharge, either for fraud, or for an irregularity not apparent on the face of the proceedings, and where the answer sets up the discharge as a bar to the suit, the complainant, in opposition to a motion to dissolve an injunction, which has been granted on the bill, cannot read affidavits impeaching the discharge.

Where a creditor intends to impeach a bankrupt's discharge, for fraud, the bankrupt is entitled to a previous notice in writing of such intention; and such notice must specify the alleged fraud.

THIS was an appeal, by the defendant J. Cramp, from a decision of the vice chancellor of the fifth circuit, denying an application to dissolve an injunction, upon a creditor's bill, so far as respected the appellant's property. It appeared from the answer of the defendant Cramp, that he was the second endorser upon a business note, made by H. Proud, and endorsed by W.

Draper, the other defendant in this suit. The note belonged to the complainants at the time Cramp applied for the benefit of the bankrupt act, in March, 1842, and it had been duly protested for non-payment. The defendant Cramp, in the inventory of his debts, as the complainants stated in an affidavit read in opposition to the motion to dissolve the injunction, either from inadvertence or otherwise; neglected to insert their names, as creditors, in consequence of his liability as such second endorser on the note. And they had no other notices of the proceedings in bankruptcy than the ordinary notices in the newspapers. Subsequent to the presenting of the petition in bankruptcy, and previous to Cramp's discharge, the complainants obtained a judgment against him and the other defendants, as the drawer and endorsers of the note; upon which judgment an execution was afterwards issued and returned unsatisfied. After the recovery of the judgment, and on the 2d of July, 1842, the defendant Cramp was discharged from all his debts by a decree of the district judge, in the usual form. Nearly a year afterwards, and after the complainants had been informed of the discharge, they filed their creditors' bill, in this suit, against Cramp and the other defendants in the judgment; alleging, in the usual form, that the judgment remained in full force, and that there was then justly due thereon to them $264,19, and interest, over and above all claims of the defendants. But nothing was stated in the bill in relation to the discharge of the defendant Cramp under the bankrupt act, nor was any attempt made, in the bill, to impeach the discharge as fraudulent, or as irregularly obtained. The defendant Cramp, by his answer, denied that there was any thing due by him to the complainants. And as evidence that nothing was due, and that the judgment was not in force as to him, he set out his discharge under the bankrupt act; showing all the necessary facts to give the court jurisdiction to grant such discharge, and to make it a full discharge of this and all other debts which were provable against his estate, under the proceedings in bankruptcy.

*M. T. Reynolds*, for the appellant.

*R. W. Peckham*, for the respondents.

THE CHANCELLOR. The bankrupt act of August, 1841, makes the discharge and certificate, when duly granted, a full and complete discharge of all debts ·of the bankrupt which are provable under that act. And to render a debt provable under, the act, it is not necessary that it should have been stated in the petition, presented to the district court in which the proceedings in bankruptcy were instituted. For· if the name of a creditor was left out of the list of creditors by mistake, or because the bankrupt was not aware of the existence of the debt, or because he supposed it had been paid by the drawer, or by a prior endorser of a note, that would not prevent the creditors from proving their debt under the act, so as to entitle them to a share of the bankrupt's property and effects. The statute does not require absolute certainty in the petition, either as to the list of the creditors or as to the inventory of the property of the bankrupt. But it requires that the bankrupt shall set forth both, according to the best of his knowledge and belief. And as the presenting such a petition is necessary to give the court jurisdiction in the case, if it can afterwards be shown that the bankrupt intentionally or knowingly omitted the names of any of his creditors, or wilfully misstated the places of their residence, or the amount of their debts, I am not prepared to say that the discharge cannot be avoided on that account; although that may not be one of the frauds referred to, in the fourth section of the bankrupt act, for which the discharge may be impeached.

The answer in the present suit, however, shows the necessary facts to give the district court· of the northern district of New-York jurisdiction of the case. For it states, among other things, that the defendant Cramp presented a petition to that court, in March, 1842, such petition setting forth *to the best of his knowledge and belief*, a list of his creditors, their respective places of residence and the amount due to each, together with an accurate inventory of his property, &c., verified by his oath. And

the fact that the names of the complainants, who held a note upon which Cramp was only second endorser, were not inserted in the list of creditors, is not sufficient to induce a belief that his petition was false; as not containing a correct list of his creditors according to the best of his knowledge and belief. The jurisdictional facts being thus stated in the answer, and sworn to, must be taken as true, for the purpose of this application. That being the case, the act makes the discharge and certificate conclusive evidence, in favor of the bankrupt; and a full and complete bar to all suits against him, unless the same is impeached for some fraud, or wilful concealment of his property or rights of property. The regularity of the subsequent proceedings, therefore, cannot be inquired into in this collateral way, where there is no fraud in the case.

Besides; it appears, in this case, that the complainants were aware of the fact that Cramp had been discharged, under the bankrupt act, previous to the filing of their bill in this cause. And if they intended to impeach his discharge, either for fraud or for an irregularity which was not apparent on the face of the proceedings, they should have set forth the facts in their bill; instead of leaving the court or the officer who granted the injunction, to infer that the judgment still remained in full force as against this defendant and his property. (*Hilten* v. *Lord Granville*, 4 *Beav. Rep.* 130.) The complainants having omitted to impeach the discharge, by their bill, they cannot, in this state of the suit, read affidavits to sustain their injunction, by impeaching the discharge, without giving the bankrupt any opportunity to answer them. For, by the express provisions of the bankrupt act, even where the discharge is impeached for fraud, the bankrupt is entitled to a previous notice, in writing, of the intention to impeach it; specifying the alleged fraud or concealment.

The injunction should therefore have been dissolved, in this case, notwithstanding the affidavits which were read in opposition to the application. The order appealed from must be reversed with costs; and the injunction dissolved.