ROGERS *v.* THE WESTERN MARINE and FIRE INSURANCE COMPANY.

A discharge under the bankrupt act of 19th August, 1841, will release the debtor from all liability to a creditor by note, though the debt for which the note was executed was not placed upon the schedule of the bankrupt, and the holder did not make himself a party to the proceedings in bankruptcy by taking a dividend or otherwise, where there is no allegation or proof of any fraud or other matter which could impeach, as to the creditor, the validity of the discharge. Such a debt was proveable under the bankruptcy, and is not of a character to be excluded from the operation of the statute by the creditor's standing aloof.

The omission by a defendant to plead the pendency of proceedings under the bankrupt act of 19th August, 1841, will not deprive him of the benefit of a discharge in bankruptcy, obtained after judgment in the original action. The discharge operates with the same force upon the debt after it has assumed the form of a judgment, as before.

APPEAL from the Parish Court of New Orleans, *Maurian,* J. *Lockett,* for the plaintiff. *Livingston,* for the appellants.

The judgment of the court was pronounced by

SLIDELL, J. *Rogers,* the present plaintiff, was defendant in an action brought in the Parish Court by the Western Marine and Fire Insurance Company against the commercial firm of *Rogers & Hallam,* in April, 1843, in which judgment was rendered by default against him, and confirmed in May, 1843. The suit was on notes given prior to the year 1843, to the Insurance Company, by *Rogers & Hallam,* for premiums of insurance.

In January, 1843, *Rogers* filed his petition in the United States District Court

---

ROGERS
v.
WESTERN MA-
RINE AND FIRE
INSURANCE CO.

at New Orleans to be decreed a bankrupt, and to be discharged from all his debts, individually, and as a member of the firm of *Rogers & Hallam*. There was a decree of bankruptcy, and, on the 16th June, 1843, a further decree, discharging him from all debts owing by him at the date of the presentation of his petition to be declared a bankrupt. The certificate is in the usual form, and contains the usual references to the antecedent proceedings. It appears further that the company were notified in the usual manner to appear in the bankrupt proceedings. They were put down in the schedule as creditors for a small sum, but not as creditors for the claim sued upon in the Parish Court.

In 1844 the company took out execution on the judgment, and *Rogers* then brought the present suit to enjoin. An injunction was granted, which, after trial, was, by the judgment of the court below, decreed perpetual. ·

The discharge in bankruptcy was, in our opinion, a full and complete bar to the debt, and consequently to the further action of the Insurance Company by *fi. fa.* The debt due to them existed at the date of the institution of the bankrupt proceedings. It was proveable in the bankruptcy. It was not such a debt as is excluded from the operation of the statute, if the creditor chooses to stand aloof. It is immaterial, as regards the effect of the discharge, that all the debts due to the creditor were not stated in the schedule, and that the company did not make itself actively a party to the bankrupt proceedings, by taking a dividend or otherwise. There is no allegation, nor proof, of any fraud, or other matter which would impeach, as to this creditor, the validity of this discharge.

The proposition that *Rogers* should have pleaded the pendency of the bankrupt proceedings in the original suit, and cannot disturb the execution of a judgment which is final, is untenable. The discharge in bankruptcy was posterior to the rendition of this judgment, and operated with the same force upon the debt after it assumed the form of a judgment, as it would have done had the debt remained in its original form of a promissory note.           *Judgment affirmed.*