Magoon *v.* Warfield.

Judgment affirmed.

*S. Whicher*, for plaintiff in error.

*N. W. Isbell*, for defendant.

———•••———

## MAGOON *v.* WARFIELD.

In the absence of fraud a decree in bankruptcy, under the U. S. Law of 1841, is a conclusive discharge of all debts provable under the law.

The failure of the bankrupt to include the name of a creditor in his schedule, or to notify him of the proceedings, in the absence of circumstances evincing the intention to deceive, will not justify the inference of fraud.

The record and decree, without the certificate, may be received as evidence of a discharge in bankruptcy.

ERROR *to Muscatine District Court.*

*Opinion by* GREENE, J. *Scire facias* to revive a judgment against Warfield. Defendant pleaded a decree under the general bankrupt law of 1841, showing a discharge from said judgment and other debts. Plaintiff's demurer to this plea was overruled.

This ruling is claimed to be erroneous. It is objected that Warfield did not render the name of Magoon in his schedule of creditors, nor give him notice of the bankrupt proceedings. It is also objected that defendant pleaded the record and decree instead of the discharge and certificate.

It is conceded that in every other particular the decree was regular, and it is not pretended that there was either fraud or concealment in the proceeding. A decree in bankruptcy is conclusive of the discharge, except in cases of fraud or concealment, and the omission of the bankrupt to state the name or debt due a creditor, or the failure to notify the creditor of his application for a discharge, is not evidence from which fraud can be inferred. The omission may have been by mistake, or on the belief that the debt did not exist or had been paid. In the absence of fraud a decree of bankruptcy is a conclusive discharge of all debts provable under the law. This debt was provable under the law, and it is not pretended that it was of a fiduciary nature, or that the decree was fraudulent; hence the decree is conclusive of the discharge. It was held in *Hubbell* v. *Cramp*, 11 Paige 310, that where the defendant in his answer, setting up a certificate of discharge, shows the facts necessary to give the court jurisdiction to award the decree, the certificate is conclusive evidence for the defendant, unless impeached for fraud. When jurisdiction is shown, the regularity of the proceedings cannot be collaterally questioned.

It was also held in *Hubbell* v. *Cramp*, that the omission of a creditors name in the bankrupts schedule would not exempt it from the operation of the bankrupts certificate of discharge. So also in *Fox* v. *Paine*, 10 Ala. 523; and in this case it was held that the failure to notify the creditors of his application for a discharge, in the absence of circumstances evincing the intention to deceive, is not evidence from which fraud can be inferred.

2. It is objected that the record and decree without the certificate are not evidence of a discharge under the fourth section of the bankrupt law. By this section the discharge and certificate are to be deemed in all courts, a full and complete discharge of all debts, &c. If a certificate is made evidence of the discharge, it by no means follows that the decree which awards the discharge shall not be evidence of

the fact. The one is made evidence by the act, the other is evidence *per se.* When the principal is present the substitute may be dispensed with.

It was held in *Berghaus* v. *Alter,* 5 Barr. 507, that a certified copy of the docket of entems made in a bankrupt proceeding, under the act of 1841, is evidence under that act.

In the present case the decree shows that the defendant was regularly discharged from all his debts, &c., and it " ordered that a certificate thereof be granted to him."

We conclude, therefore, that the demurrer to the defendant's plea of bankruptcy was correctly overruled.

Judgment affirmed.

*W. G. Woodward* and *D. C. Cloud,* for plaintiff in error.

*R. P. Lowe* and *J. Butler,* for defendant.