JUDGE LINDSAY
delivered the opinion op the court.
In tbe month of July, 1868, William H. Payne & Brother instituted three suits in equity, in tbe Warren Circuit Court, against J. Lee Able and others, seeking to recover large sums of money, and causing orders of attachment to be sued out *346 in each action against the property of said Able. Two of the same were discharged by the execution of bonds in conformity with section 242 of the Civil Code; and in one a bond was given in the sum of three thousand dollars, stipulating, as provided by section 235, to have the property attached forthcoming and subject to the future orders of the court. Answers were filed by the various defendants. The three causes were consolidated, and various preparatory orders taken up to the 9th of August, 1869, when Able filed an amended answer, pleading and relying upon a discharge in bankruptcy obtained in the District Court of the United States for the District of Kentucky on June 18, 1869, releasing him from all debts and claims existing on October 22, 1868, which were provable under the bankrupt act, as a bar to the further prosecution of these suits as against him.
Payne & Brother replied to this plea, and charged that when Able filed his petition in bankruptcy he failed to place their names or their debts upon the schedule of creditors and indebtedness annexed thereto; that their claims had not been proven in the bankrupt court; and hence that the discharge presented no bar to their recovery in these actions.
In this state of pleading the consolidated cases were heard, and a judgment rendered dismissing the petitions of Payne & Brother, and overruling a motion to require the sureties on the attachment-bonds to pay to the plaintiffs an amount equal to the indebtedness of the bankrupt; and from this judgment an appeal is prosecuted to this court.
We hold that the discharge in bankruptcy was sufficiently pleaded, and that it was admitted to be genuine by the replication ; and the only serious difficulty presented is whether or not the failure of Able to place the names of the Paynes upon his schedule of creditors and to report their claims among the list of his debts affects the validity of his discharge as to them. We have found no decisions of the Federal courts or of the *347 supreme courts of any of the states upon this question under the provisions of the existing act of Congress on the subject of bankruptcy. Section 11 of the said act requires the petitioner to annex to his petition a schedule, verified by oath, “ containing a full and true statement of all his debts, and as far as possible to whom due,” etc.; and the rules adopted by the supreme court under the provisions of the act require him to make oath that he has complied with this provision of the law “to the best, of his knowledge, information, and belief.”
A similar provision was contained in the act of 1841, and a similar rule was adopted for its enforcement. And in the construction of this provision and rule, Chief Justice Shaw, in the case of Burnside v. Bingham, 8 Metcalfe, 79, held that “the mere omission of the name of a creditor is not made by the statute a substantive ground for preventing or avoiding the discharge of the bankrupt; he is to set forth a true list, ' according to the best of his knowledge and belief.’ The plaintiff then must go further, and show that his omission was willful and fraudulent, by showing that contrary to his oath he did know or believe that the plaintiff was a creditor, and willfully or designedly omitted his name because he apprehended opposition from the plaintiffs, or from some other motive.” The same doctrine is held in the case of Brown & 'Welman v. Rebb, 1 Richardson, 374. Under the present act the discharge can only be set aside by a direct proceeding upon the ground that it was fraudulently obtained, and we can not conclude that it can be impeached in a collateral proceeding for any other reason. The replication of Payne & Brother does not charge that Able fraudulently omitted their names from the schedule of his creditors; and as their claims were provable under the bankrupt act, we are of opinion that his discharge relieved him from all personal liability to them on account of the same.
*348 We are also of the opinion 'that the court properly refused the rule against the sureties on the attachment-bonds. The act of Congress, it is true, provides that “ no discharge granted under this act shall release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, security, or otherwise. But the sureties on the attachment-bonds were never liable for the debts, and did not contract to pay the same or any portion of them. In two of the bonds they agreed and undertook that the defendant Able should “perform the judgments of the court; ” and in the other that the attached property or its value should “be forthcoming, and subject to the order of the court for the satisfaction of such judgment.” No judgments were or could have been rendered against Able, and hence the contingencies upon which they were to become liable as sureties have not arisen, and can not now arise. We are of opinion however, that the petition of Payne & Brother ought not to have’been dismissed as to all the defendants. The discharge of Able did not release Allen of the indebtedness of the firm of Able & Allen to the appellants; and as the Paynes did not prove their claims in the bankrupt courts, the discharge of Able from personal liability to them does not' necessarily prevent them from enforcing any liens they may have acquired by the institution of their suits upon the property alleged to have been fraudulently conveyed by Able to his mother-in-law, and by her to his wife. None of these questions seem to have been determined; and as the assignee of Able voluntarily made himself a party to the proceedings in the court below, said court had full power to adjudicate and settle the rights of all the parties growing out of said transactions, and should have done so. To this extent the judgment is reversed, and the cases remanded with instructions to permit proper amendments to bo made to the pleadings, and for further proceedings consistent with this opinion.