Nicholson, C. J.,
delivered the opinion of the Court..
Kilbourn obtained a judgment for $99, oh a note of hand against Jno. R. Allen, before a justice of the peace. Allen appealed to the Circuit Court of Shelby County, and executed an appeal bond with Hugh B. Martin as his surety.
The condition of the bond was, that Allen should prosecute his appeal with effect; or otherwise comply with and perform the judgment of the court.
In the circuit court Allen filed his plea of discharge in bankruptcy, which was sustained, and judgment rendered in his favor.
Thereupon, the court rendered judgment against *332 Martin, the surety, for the amount of the judgment of the justice of the peace and costs.
Martin appealed to this court.
The contract of Martin was, that Allen should! prosecute his appeal with effect; or, if not, that he •should perform the judgment of the circuit court.
Allen did prosecute his appeal with effect, and obtained a judgment of discharge from the court.
We know of no principle on which judgment could be rendered against the surety, unless there is something in the Bankrupt Law which controls the case.
It is there provided that no discharge of the bankrupt shall release, discharge, or affect, any person liable for the same debt, either as partner, joint contractor, endorser, surety, or otherwise.
Martin never was liable on the debt with Allen, in any. character.
The appeal vacated the judgment, and Martin was only liable in the event that judgment should be rendered against Allen in the circuit court.
This was not done. On the contrary, Allen prosecuted his appeal with effect. Martin was no longer liable on his bond. Able v. Payne, 7 Bush, 344.
The judgment is reversed.