PLATT v. PARKER.

*Bankruptcy — discharge in, bars claim omitted in schedules without fraud.*

A discharge in bankruptcy *held* to bar a claim not included in the schedules of the bankrupt's debts, although no citation was served upon the creditor in the bankruptcy proceedings, it not being shown that the omission was fraudulent or willful.

APPEAL by plaintiff from a judgment in favor of defendant dismissing the complaint entered upon the report of a referee.

The action was brought by George W. Platt against William A. Parker and another, upon two promissory notes indorsed by defendants. Sufficient facts appear in the opinion.

*Edward S. Clinch*, for appellant.

*William A. Jenner*, for respondents.

Present — BARNARD, P. J., TAPPEN and GILBERT, JJ.

TAPPEN, J. The plaintiff sued the defendants as indorsers upon two promissory notes, each for the sum of $2,500; the defendants pleaded a discharge in bankruptcy granted them on the 20th of December, 1872, under the general bankrupt act of 1867, and the amendments thereof.

The trial was before a referee, who found this defense established, and gave judgment in favor of the defendants; the plaintiff appeals therefrom, and claims that such bankrupt discharge does not bar his action, for the reason that the defendants, in their schedules, did not include the claim or the name of the plaintiff in their list

of liabilities, and hence, that the plaintiff, as a creditor, is not affected by such discharge. It is admitted as a fact that the bankruptcy schedules, required by the act, did not include the plaintiff's name or indebtedness in question. The marshal or messenger did not serve upon the plaintiff any notice of the proceeding; the notice required by publication was duly given.

The plaintiff offered no proof to show any fraudulent omission on the part of the bankrupts; the defendants were offered as witnesses to testify that such omission was not intentional, but on the plaintiff's objection the referee excluded the testimony. The defendants also put questions for the purpose of showing that the plaintiff had actual knowledge of the bankrupt proceedings during their pendency, and these were excluded on plaintiff's objection.

In the 34th section of the act of 1867 it is provided, that any creditor of the bankrupt, whose debt was proved or provable, who shall see fit to contest the validity of such discharge, on the ground that it was fraudulently obtained, may, at any time within two years, apply to the court which granted it, to set it aside.

The same section provides that a discharge, duly granted under this act, shall (with certain exceptions relating to debts created by fraud and certain other debts) release the bankrupt from all debts, claims, liabilities and demands, which were or might have been proven against his estate, and the certificate of discharge is made conclusive evidence of the fact and regularity of such discharge.

A clause in the bankrupt act of 1841, declaring the discharge conclusive, unless impeached for fraud or willful concealment, is not contained in the act of 1867, and its omission from this latter act is now invoked in the interpretation thereof.

In construing the act of 1841 the chancellor, in *Hubbell* v. *Cramp*, 11 Paige, 310, held, that the omission, by mistake of the debtor, of the name or claim of a creditor could not invalidate the discharge as to such creditor.

Neither the act of 1841 nor the act of 1867 requires absolute certainty, either as to the list of creditors or the inventory of the bankrupt's assets. The effect of the act of 1867, in respect to the question under review, was passed upon in *Payne* v. *Able*, 7 Bush (Ky.), 344 ; S. C., 3 Am. Rep. 316. The bankrupt, in that case, had failed to specify the plaintiffs, or their claim in his bankrupt schedules, and their claims, although provable, had not been proven in the bankrupt court, and the conclusion is reached, quoting SHAW, C.

J., in *Burnside* v. *Brigham*, 8 Metc. 75, that the mere omission of the creditor's name will not avoid the discharge, but the plaintiff must go farther and show the omission to be fraudulent or willful; the same rule is held in cases decided in other States. *Brown* v. *Rebb*, 1 Richard. 374; *Beake* v. *Birdsall*, 1 N. J. 13; *Gassett* v. *Morse*, 21 Vt. 629. And in *Stevens* v. *M. S. Bank*, 101 Mass. 109, the warrant and application for the bankrupt's discharge being published in the newspaper, as required by the act, the creditor not personally served, or whose name is omitted or not known, was held to be bound, at his peril, to take notice. In the Kentucky case the court was of opinion that the discharge could not be reviewed collaterally, even on the ground of fraud, but that the remedy was by application to the bankrupt court to vacate the discharge, as provided in the act. This rule, however, is not so held in other reported cases, and the courts are not in accord on this question; its consideration is not necessary for the decision of this case.

In the absence of any averment in the complaint, or proof at the trial, that the defendants' omission of the plaintiff's claim in the bankrupt schedules, was fraudulent, we think the discharge bars the plaintiff.

The judgment is affirmed, with costs.

*Judgment affirmed.*