## EFFECT OF BANKRUPTCY ON LIABILITY OF A SURETY ON APPEAL BOND.

[Common Pleas Court of Cuyahoga County.]

### D. T. MERRITT ET AL v. T. W. PRITCHARD.

Decided, December, 1906.

*Judgment—Definition of—Surety on Appeal Bond—Released by Discharge of Appellant in Bankruptcy—Section 16 of the Bankruptcy Act—Relating to Liability of Co-debtors, Guarantors and Sureties.*

1. A judgment is a final determination of the rights of the parties in action. It affirms that a legal duty or liability does or does not exist and can not be granted for any other purpose.
2. Special or qualified judgments, for a particular purpose, are unknown in Ohio.
3. A discharge in bankruptcy, properly plead by a defendant, is an absolute bar to judgment against him, and therefore to a right of action on an appeal bond, where judgment is a condition precedent.

KEELER, J.

On February 11, 1904, the firm of Merritt, Elliott & Co. obtained a judgment in a justice court against T. W. Pritchard.

On the 17th day of February, 1904, the defendant gave an appeal bond signed by one Chas. F. Greenhalgh, who, among other things in said bond, agreed and promised that *"if judgment be adjudged against the defendant on the appeal"* he would satisfy the same, and he also undertook that the defendant would prosecute his appeal to effect. The appeal was perfected on March 9, and on June 4, 1904, the plaintiffs filed their petition asking for judgment. On August 24, 1904, the defendant filed his answer, stating, among other things, that on the 12th day of March, 1904, he filed his petition in bankruptcy in the District Court of the United States for the Northern District of Ohio, complying therein with all the requirements of the National Bankruptcy Act of Congress; that on the same date he was adjudged a bankrupt and that on the

21st day of May, 1904, he received from said court a discharge from all debts and claims, *which were made payable by said act against his estate,* and which existed on the said 12th day of March, 1904, the day on which the petition for adjudication was filed by him. He says further that the claim of the plaintiff *was provable* against his estate in bankruptcy, and was owing to the plaintiff before he filed his petition and was declared a bankrupt, and that said claim was scheduled in time for proof and allowance, and that he was discharged from it.

The plaintiffs, replying, say that the discharge from the obligation sued on does not have the effect of releasing the surety on the appeal bond, and that they are *entitled to judgment,* in spite of his discharge in bankruptcy, so that they can proceed against the surety, who was in no way released from liability to plaintiffs on the bond by reason of his discharge.

Two questions are presented by the pleadings:

1st. Can a judgment be taken in this court against the defendant, he having been discharged from the debt in question by the proceedings in bankruptcy?

2d. Is the surety liable to plaintiffs, notwithstanding the discharge of the defendant?

The sole and only purpose of the judgment sought is to enable the plaintiffs to proceed against the appeal bond.

What is a judgment and what are its consequences? It is the determination of the law pronounced by a competent court, as the result of an action instituted in such court, affirming that, in the matters submitted for its decision, a legal duty or liability does or does not exist—a final determination of the rights of the parties in action. A judgment against the defendant would confer upon the plaintiffs the right to, issue execution for its enforcement. There would be an indisputable obligation on the part of the defendant to the plaintiffs, subject to the processes of the court. It would create a lien upon any real estate he might own which would follow the land into the hands of other purchasers and which might be enforced by the seizure and sale of the property subjected to it. It would, furthermore, constitute a vested right of property in the plaintiffs,

and it might establish either an evidence or a source of title. These are some of the consequences that would flow out of a judgment against the defendant. They are serious and should not be fastened upon him without the clearest legal right. The defendant owes nothing to the plaintiffs. That is virtually conceded, and the court would be obliged, therefore, to find for the defendant—in the absence of a confession of judgment. That would, of course, end the matter, and plaintiffs would be stopped from proceeding further, unless a judgment could be entered for a purpose other than to determine whether a legal liability does or does not exist. I know of no statute or rule of procedure in *Ohio* that permits it. The court could not enter a judgment and then excuse itself for doing so by saying the real object was to hold somebody else. That, it seems to me, would be to make a farce of the law.

On this proposition, however, plaintiffs refer to 130 U. S., 699, and say that such a judgment can be entered *with a perpetual stay of execution* as to the defendant for the purpose *only* of reaching the surety. That was an Illinois case, and first reading of the syllabus would seem to be convincing that plaintiffs' contention is right. But the facts there (116 Ill., 92) were not at all like those here. A verdict was entered April 12, to which a motion for a new trial was filed. On April 22 the defendant filed his petition in bankruptcy, and on May 1 he was adjudged a bankrupt. On May 7 he filed his certificate in the state court, and asked for a stay of the formal entering of judgment on the verdict because he was a bankrupt. The motion was overruled, and appeal was taken to the United States Supreme Court. Verdict had been returned, and the court in entering judgment was not adding any new liability. His bankruptcy had not been pleaded, and was therefore not an issue before verdict. He could not plead it, for it was too late, and bankruptcy not pleaded is no bar (59 N. Y., 239). The only remedy to be had was the one the court granted, to-wit, a stay of execution for the purpose of reaching the bond.

Besides, Justice Gray in the discussion of the case, page 703, says:

"Whether the judgment is defeated by the bankruptcy of the person for whom the obligation is assumed, depends, not upon the provision of the bankruptcy act, but upon the extent of the authority of the state court *under the local law*. There is nothing in the bankruptcy law to prevent the rendering of such a judgment."                -

Neither is there any specific authority given by the act that it can be done, nor can such authority be inferred from it. That it can be done in Illinois seems to be the settled practice there, under certain circumstances.

It is upon that theory, I take it, that such a judgment was entered in that case, and I am not prepared to say it could not be done in Ohio under like conditions.

In Massachusetts the question seems to be settled by statute, and 50 N. Y., 593, indicates a like practice in that state. In the case at bar, however, the *debt* was provable in bankruptcy. Defendant was discharged from it; the remedy to enforce its payment was destroyed, and he *pleaded* his discharge while still on the merits of the original action, which is an absolute bar to any judgment against him.  68 Md., 443; 70 Ky., 348.

The second question raised by the pleadings is, therefore, settled, for if there can be no judgment, there can be no right of action against the surety, the judgment being a condition precedent.  Plaintiffs insist, however, that the discharge in bankruptcy in no way relieved the surety from liability to them on the bond, and they cite the 40th O. S., 337.  One Clarkson obtained his discharge in bankruptcy while a suit against him was on appeal to the court of common pleas (as here).  The court says:

"The discharge of Clarkson did not relieve Ferrell (the surety on the appeal bond) from liability on the undertaking for appeal."     '

The decision is very brief, not covering over a dozen lines, and I am unable to learn the reasoning of the court.  Whether the debtor plead his discharge I can not say.  I am inclined to think he did not.  In that case it would be true that the

discharge would not, *of itself*, relieve the surety. But having, as here, plead his release, the surety could not be reached.

Plaintiffs cite Section 16 of the National Bankruptcy Act, as follows:

"The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for a bankrupt, shall not be altered by the discharge of such bankrupt."

Who is a bankrupt? The National Act defines the word to mean "a person against whom an involuntary petition has been filed, or who has filed a voluntary petition, or who has been adjudged a bankrupt." He is not necessarily, as commonly understood, a person who is unable to pay his debts. Under this definition Greenhalgh was at no time a *surety for a bankrupt*, for the defendant was discharged May 21, 1904, and the date of the appeal bond is February 17, 1904, some three months prior. That section, therefore, does not apply to the facts here.

Moreover, Section 16 of the act manifestly refers to co-debtors, guarantors, or sureties for the bankrupt on the same or original debt, the debt on which the release is given by the discharge. 14 Am. Bankruptcy Rep., 20; 131 U. S., 66; Brandenberg on Bankruptcy, 412. Furthermore—

"The question is not (says the court on page 20 of 14 Am. Bk'cy Rep.), whether the discharge of the defendant released the liability of the surety, but whether the discharge *prevented the happening of the contingency* upon which the liability of the surety was to arise. If no judgment can be rendered against the defendant because of the discharge in bankruptcy, then no liability exists on .the part of the surety. The discharge of the bankrupt prevents the surety from incurring liability rather than releases him."

Says Brandenberg, page 415:

"The cases are numerous in which it has been held that if one is bound as surety for another to pay any judgment that may be rendered in a specified action, if the judgment is defeated by the bankruptcy of the person for whom the ob-

ligation is assumed, the surety will be released, for the *obvious* reason that *the event has not happened* (*i. e.,* judgment against defendant) on which the liability of the surety was made to depend. Of this class of obligations are appeal bonds and the like.''

Also 70 Ky., 348.

This is, of course, in line with the well established law of suretyship. All defenses available to the principal may, in general, be resorted to in favor of the promisor in suretyship. If the principal has been released, the surety will be released. No promise to pay the debt of another can have any force when the debt of the other is satisfied. It would be unjust to require him to pay it.

Judgment for defendant.

*L. J. Grossman,* for plaintiffs.

*R. H. Lee,* for defendant.