wider application than was intended by the court.

For the reasons thus assigned, it is adjudged and decreed that relator's exception be maintained, and that the alternative writ herein issued be now made peremptory.

---

(60 South. 202.)

No. 19,595.

STAUFFER, ESHLEMAN CO., Limited, v. ABINGTON HARDWARE & FURNITURE CO., Limited, et al.

In re ABINGTON HARDWARE & FURNITURE CO., Limited.

(Nov. 18, 1912. On Application for Rehearing, Dec. 16, 1912.)

*(Syllabus by the Court.)*

BANKRUPTCY (§ 387*)—"SECURED CREDITOR"—COMPOSITION—SECURED DEBTS.

A secured creditor, in the sense of the United States bankrupt laws, is one who must either hold security against the property of the bankrupt, or be secured by the individual obligation of another, who holds such security. Notes of the bankrupt, secured only by the personal indorsement of another, may be included as unsecured debts in a composition of the bankrupt with his creditors; and the confirmation of the composition by judgment of the proper court will discharge the bankrupt, as maker of said notes, without affecting the rights of creditors holding the same as against the indorsers.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 603–605, 607–616; Dec. Dig. § 387.*

For other definitions, see Words and Phrases, vol. 7, p. 6385; vol. 8, p. 7796.]

Action by Stauffer, Eshleman Company, Limited, against the Abington Hardware & Furniture Company, Limited, and others. Judgment for plaintiff, and defendant company applies for certiorari or writ of review. Reversed.

Stubbs, Russell & Theus, of Monroe, for relator. Munholland & Dawkins, of Monroe, for appellee.

LAND, J. In June, 1909, the plaintiff sued the defendant company and the widow and heirs of M. J. Abington on three several promissory notes for $200 each, due, respectively, November 1, 15, and December 1, 1907, made by defendant company to order of the plaintiff, and indorsed by M. J. Abington.

Plaintiff also sued the defendant company for the sum of $102.85, amount of unpaid check given for a valuable consideration, and also for $10.05, protest fees.

Defendant company, after pleading the general issue, averred that it was adjudged a bankrupt on the ——— day of ———, 1908, and applied for a composition with its creditors on a basis of 50 per cent. on the dollar, one-half to be paid in cash, and the balance to be paid on December 20, 1908, and December 20, 1909, the deferred payments to be evidenced by the notes of the respondent, indorsed by M. J. Abington; and that said composition was regularly voted by the creditors and complied with by the respondent, who thereupon was granted a full and complete discharge from all of its debts, and especially the debt sued on. Further answering, the defendant company averred that the plaintiff made proof of its debt and actively participated in the entire proceeding.

There was judgment in favor of the plaintiff, as prayed for, on the notes, with protest fees and interest, and a separate judgment against the defendant company for $52.57, with legal interest from October 1, 1907. The defendants appealed to the Court of Appeal, which affirmed the judgment.

The case is before us on a writ of review, granted on the application of the defendant company.

The Court of Appeal said:

"The defendant company, after having been regularly adjudged a bankrupt, presented a composition or proposition of 50 per cent. on

the dollar to its unsecured creditors. A meeting of such creditors was duly held, at which a majority in number and amount were present and represented, and voted in favor of accepting the offer. This composition was subsequently confirmed by the court. The plaintiff was not present at the meeting of the creditors, was not represented, and took no part therein, and expressly declined to accept the cash payment and the notes representing the compromise settlement. The plaintiff's, being a debt secured by indorsement, was not included in the meeting of the creditors to consider the composition settlement, and was in no manner affected by such proceedings. The entire proceedings, on their face, show that only unsecured creditors were being dealt with and considered."

The evidence shows that the plaintiff company did not participate in the composition proceedings. After the judgment of confirmation, the plaintiff company sent their claims to attorneys at Monroe. The attorneys refused to accept the composition, except upon the debt arising from the dishonored check.

The bankrupt proposed to its unsecured creditors a composition "upon all unsecured debts not entitled to priority," to be paid in satisfaction of said unsecured debts. The bankrupt treated all of its debts as *unsecured*, and deposited in the registry of the court 50 per cent., in cash and notes, of all debts evidenced by notes secured by indorsement. The composition was confirmed by judgment of court on April 18, 1909.

The contention of the plaintiff is that indorsed notes are *secured* debts, and therefore not included in the composition. This was the view of the Court of Appeal.

The contention of the defendant is that a note secured merely by indorsement is not a secured debt in the sense of the bankrupt laws of the United States.

"Secured creditor":

"In bankruptcy, a creditor, to be secured, must either hold security against the property of the bankrupt, or be secured by the individual obligation of another who holds such security." Collier on Bankruptcy (6th Ed. 1907) p. 6, subd. 23.

In the same work, subdivision 23 of section 1 of the bankrupt act of July 1, 1898 (30 Stat. 544, c. 541 [U. S. Comp. St. 1901, p. 3418]), is thus quoted:

"(23) 'Secured creditor' shall include a creditor who has security for his debt upon the property of a bankrupt of a nature to be assignable under this act, or who owns such a debt for which some indorser, surety or other person secondarily liable for the bankrupt has such security upon the bankrupt's assets."

The same definition is still retained. Id. (9th Ed. 1912) p. 724.

"The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge." Id. p. 309.

The liability of the maker of a note is released by his discharge in bankruptcy, which, however, does not affect the indorser in any way. Collier (6th Ed.) p. 213.

Hence we conclude that plaintiff's claims were all properly included in the composition proceedings, and that plaintiff's suit against the defendant company should be dismissed without prejudice to its right to claim the money and notes deposited for its account in the registry of the United States court in the matter of the defendant company's composition with its creditors.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal and the judgment of the district court in this case against the defendant company be annulled, avoided, and reversed, and that plaintiff's suit against said defendant be dismissed, with costs, without prejudice to plaintiff's right to claim the money and notes deposited for its account in the registry of the United States District Court for the Western District of Louisiana in the matter of the defendant company's composition with its creditors. Costs of the district court, Court of Appeal, and of the Supreme Court to be paid by the plaintiff.

On Application for Rehearing.

PER CURIAM. The decree in this case is altered and amended so as to read as follows:

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal and the judgment of the District Court in this case against the defendant company be annulled, avoided, and reversed, and the plaintiff's suit against said defendant be dismissed, with costs, without prejudice to plaintiff's right against the indorser on the notes sued upon, and to claim the money and note deposited for its account in the registry of the United States District Court for the Western District of Louisiana in the matter of the defendant company's composition with its creditors. Costs of the district court, Court of Appeal, and of the Supreme Court to be paid by the plaintiff.