. On the Plea in Abatement.
 

 BRUNOT, J.
 

 Plaintiff sued for $2,-715, and obtained a judgment against defendant for $476.25. From this judgment defendant took a suspensive appeal to this
 
 *313
 
 court. Pending the disposal of the case on appeal defendant filed a voluntary petition in bankruptcy, the plaintiff appearing on the schedule as a creditor for the amount of its judgment. In connection with its application to be adjudged a bankrupt defendant offered a composition of its indebtedness on the basis of 20 per cent, to all unsecured creditors. The offer of composition was accepted by a majority of the creditors in number ■ and amount, the money was deposited, the composition was confirmed, and the bankrupt was discharged by judgment of the United States District Court for the Western District of Louisiana. Defendant then filed a plea in abatement in this court, on the ground that, since the appeal was taken, defendant had been regularly adjudged a bankrupt, and, as such, had been discharged by a judgment of the United States District Court. In connection with the plea in abatement defendant has> filed in this court a transcript of the proceedings in bankruptcy, which shows the facts to be as stated in the plea. The Bankruptcy Act of 1898 provides that:
 

 “The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition, and those not affected by a discharge. Section 14c (U. S. Comp. St. § 9598).
 

 In Stauffer-Eshleman Co. v. Abington Hardware Co., 131 La. 715, 60 So. 202, it was held, on rehearing, that such discharge did not release those sureties for the debt whose liability was fixed before the discharge. In Keyes v. Shannon, 8 Rob. 172, 41 Am. Dec. 299, it is held that, where the effect of insolvency proceedings was, ipso facto, to stay all further proceedings against the principal, all such sureties were released who had bound themselves only to satisfy such judgments as might be rendered against the principal. In Rogers v. Western Insurance Co., 1 La. Ann. 161, it is held that, where a judgment was taken against a bankrupt pending the bankruptcy proceedings, a subsequent discharge released the debt; and the bankrupt could plead his discharge by way of an injunction taken out to stay the execution of said judgment. In Cornell v. Dakin, 38 N. Y. 253, the court says:
 

 “The suggestion of the bankrupt’s discharge [accompanied by the original discharge, page 255] can have no effect here. Such discharge cannot be considered as a bar t'o an action, in any stage, without being pleaded; and, if obtained too late to be pleaded, either originally, or by amendment, the remedy, it seems, is by motion for perpetual stay of execution,” citing Palmer v. Hutchins, 1 Cow. (N. Y.) 42; Baker v. Taylor, 1 Cow. (N. Y.) 165.
 

 In Holyoke v. Adams, 59 N. Y. 233, and Knapp v. Anderson, 71 N. Y. 466, it is held that:
 

 “The discharge did not affect the appeal or stay proceedings upon it, or prevent a judgment therein.”
 

 In the case of Knapp v. Anderson, the action was brought against defendants as sureties upon an undertaking upon appeal from a judgment in favor of plaintiffs and against one Henry S. Lesznsky. The undertaking was that appellant (Lesznsky) would pay all costs and damages awarded against him on appeal, not exceeding 3500, and, in case the judgment was affirmed in whole or in part, or the appeal dismissed, that he, Lesznsky, would pay the amount directed to be paid. The defense of the surety was that the judgment debtor had been discharged in bankruptcy pending the appeal, and the court held that this was not a defense. In the opinion of the court it is said:
 

 “The defendants did not, by their undertaking, become liable for the debt of their principal, but their obligation was contingent and incident to the legal proceedings for the payment of the judgment that might be rendered upon the appeal. * *
 
 *
 
 The obligation became operative, and their liability fixed by the final judgment of the appellate. court.” Carpenter v. Turrell, 100 Mass. 450; Cornell v. Dakin, 38 N. Y. 253; Poppenhusen v. Seeley
 
 *315
 
 3 Abb. Dec. (N. Y.) 615; Odell v. Wootten, 38 Ga. 224; Payne v. Able, 7 Bush (Ky.) 344, 3 Am. Rep. 316.
 

 In this case the liability of the surety on the appeal bond was fixed and the transcript of appeal was filed in this court before proceedings in bankruptcy were instituted by defendant. The plea in abatement must therefore be overruled.
 

 On the Merits.
 

 Defendant purchased, through a traveling salesman of plaintiff, 15,000 8-ounce burlap bags, 54 by 40 inches, at $301 per thousand, to be delivered f. o. b. Houston, Tex., during the month of September, 1919. By the terms of the order shipping instructions were to be given by the defendant, and plaintiff reserved the right to accept or reject the order. The district judge found that plaintiff, by letter, accepted and entered the order two days after it was given, and a careful reading of the record leads us to the same conclusion. The district judge found that the contract was breached by defendant on the last day of September, 1919, this being the last day under the contract for the delivery of the bags. The district judge also found that on the date the contract was breached the market value of the bags was $269.25 per thousand, and, as the contract called for 15,000 bags at $301 per thousand, the court rendered judgment in favor of plaintiff for the difference between the contract price and the market value of the bags on the date the contract was breached. We concur in the correctness of these findings and in the judgment appealed from, which judgment is therefore affirmed at appellant’s cost.
 

 O’NIELL, C. J., dissents from the ruling on the plea in abatement.
 

 OVERTON, J., recused.