ST. PAUL, J.
 

 The trial judge has correctly stated and disposed of this ease in a written opinion, which we now adopt as our own, to wit:
 

 I.
 

 Statement of the Case.
 
 — This proceeding was instituted to compel the defendants in rule (R. E. Wyche and J. S. Rogers) to pay a judgment rendered against S. J. Caldwell, the defendant in the main suit, and on whose appeal bond they were sureties. The facts are undisputed, and the case was submitted on an agreed statement * * * which reads [substantially] as follows:
 

 [It is admitted, that] in October, 1917, plaintiffs in rule (Keen & Woolf) sued S. J. Caldwell, the defendant in the main suit, to recover the sum of $4,000 with interest thereon from duly 14,. 1917, and costs of suit. Caldwell filed a general denial and the case was thereupon tried; resulting in a judgment for plaintiffs in the full sum of $4,000' with interest and costs. Caldwell then applied for and obtained an order for a devolutive and suspensive appeal, returnable to the Supreme Court; the amount of the devolutive bond being fixed at $150', and of the suspensive bond “according to law.” Caldwell furnished a bond in the sum of $5,000, with the defendants in rule, R. E. Wyche and J. S. Rogers, as sureties thereon. * * *
 

 It is further admitted, that on December 2, 1920, said J. S. Caldwell, through his attorneys, filed a motion in the Supreme Court, praying the court to
 
 dismiss
 
 the appeal at the cost of defendant appellant; which motion was concurred in by the attorneys for the plaintiffs appellees, Keen & Woolf; and that, in accordance with said motion and agreement of counsel, said appeal was
 
 dismissed
 
 at the cost of defendant appellant. * * *
 

 It is further admitted that R. E. Wyche and J. S. Rogers (sureties on the appeal bond) knew nothing of' said dismissal and took no part therein. * • * *
 

 It is further admitted that said Caldwell failed to pay the judgment herein to the plain- | tiffs, Keen & Woolf; and a fi. fa. having been issued, and returned by the sheriff with the statement that he could find po property of said Caldwell to levy upon, this rule was then taken to compel the defendants in rule (R. E. Wyche and
 
 J.
 
 S. Rogers, sureties on the appeal bond) to pay the amount of the judgment. .
 

 [Then follow some admissions, if relevant, as to the details of, and reasons for, said agreement between counsel; which were, however,
 
 properly
 
 objected to as irrelevant; the sureties on the appeal bond, deféndants in rule, being no parties thereto, as above said.]
 

 II.
 

 Opinion.
 
 — In view of the agreed statement of facts, as given above, the case of Tournillon v. Ratliff, 20 La. Ann. 179, is (coneededly) directly in point. In that case the court said:
 

 “Now, it is a well-settled rule of law that all laws governing certain contracts, make parts of such contracts. Hill v. Martin, 12 Mart. (O. S.) 177, 13 Am. Dec. 372; State v. Sullivan, 12 La. Ann. 720. Following that rule, it was impliedly understood and agreed between the parties to the bond of appeal, including the appellee, as a kind of
 
 proviso,
 
 that, after the Supreme Court had jurisdiction of the case, the appellant would not be bound to prosecute his appeal, and would be allowed to withdraw it, if he obtained the consent, to that effect, of the apXJellee; [and] this having been done accordingly, the appellant was not bound to prosecute his appeal, and he was released from that penal obligation by the appellee, who cannot now with good grace, say to the surety: ‘Your principal has broken the condition of the bond by not prosecuting his appeal, and you must pay me the penalty.’ [For] the surety can reply successfully:" ‘You have by your own act and consent, dispensed and relieved the principal obligor from that jmosecution under the understanding in the bond. . We are [therefore] of opinion that the defendant has been discharged as surety on the bond, by the act of the appellee. [See, also, Keyes v. Shannon, 8 Rob. 172, 41 Am. Dec. 299, and Baker v. Frellsen, 32 La. Ann. 822.]”
 

 There will therefore be judgment in favor of the defendants in rule, relieving them from all liability on this appeal bond. [Thus far, the district judge.]
 

 III.
 

 Of the long list of cases from this jurisdiction cited in appellants’ brief [and wfe have taken the pains at least to
 
 inspéot
 
 them
 
 *153
 
 all], we do not find that any but two of them have the least bearing on the issues herein. But, of course, we will not look into the jurisprudence of other states in a matter such as this, where the liability is dependent
 
 wholly upon the terms of the statute
 
 under which the bond is given. It is asking entirely too much of this court, with its already overburdensome duties, to expect it to examine not only the jurisprudence but also
 
 the statutory laxo
 
 of other states; to do so is simply
 
 impossible
 
 — and unnecessary.
 

 As to the expression in Brown v. Pontehartrain Land Co., 23 So. 292, 49 La. Ann. 1779, that a decree of dismissal “is substantially one of affirmance,” it was used only
 
 arguendo,
 
 and solely for the purpose of showing that it is sometimes carelessly
 
 assumed
 
 to be so, thus:
 

 “We are aware that courts frequently, after having ascertained that the situation was such as not to enable them, under any view of the case, to render a judgment altering or modifying that appealed from, declare the
 
 ‘appeal dismissed,’
 
 but this is because it is assumed that such a decree is substantially one of affirmance.”
 

 For, in the sentence immediately preceding, the court had just said:
 

 “It is the duty of an appellant to place matters before an appellate court in manner such as to permit of such a judgment [upon the issues raised] being rendered; and, if he does not do so, the logical sequence of the situation is, that the- judgment should be affirmed, not that the appeal should be dismissed in limine.”
 

 Which is precisely what this court has lately decided in Succession óf Damico (our No. 27018) 109 So. 402 post, p. 725, wherein, on March 30, 1925, we held that an appeal would not be
 
 dismissed
 
 because it was
 
 frivolous, and talcen merely for delay;
 
 holding that “The remedy for an alleged frivolous appeal is, not the dismissal of the .appeal, but
 
 the affix'xnanee of the judgment appealed from
 
 when the appeal is heard in due course and actually found to be without merit.”
 

 As to Russ & Hollingsworth v. Creditors, 12 So. 027, 45 La. Ann. 442, it
 
 seems
 
 to us to be directly
 
 against
 
 the appellant’s contention. For in that case the appeal was dismissed because the appeal bond
 
 did not px-oxHde
 
 that the appellant should “prosecute his appeal”; the only condition
 
 aetxially written into
 
 said bond being that the appellants “shall pay and satisfy such judgment as may be rendered against them on appeal.” And the court said:
 

 “If the sureties were ruled to show cause why judgment should not be entered up against them ,on the bond [should the appellant fail to prosecute his appeal], they could surely answer that * * * they were under no duty or obligation toward the appellees, because no judgment had been or could have been rendered against the appellants by the appellate court; and they had not obliged themselves to pay anything else, or to pay otherwise. There can be no question of such an answer being good.
 

 In other words, the sureties on appeal bonds (when conditioned according to the terms of the statute) are bound under
 
 txoo conditioxis only,
 
 and “had not obliged themselves * * * to pay otherwise.” •
 

 IV.
 

 We take notice of Wertham Bag Co. v. Roanoke Mercantile Co., 102 So. 412, 157 La. 312, and Serra v. Hoffman, 29 La. Ann. 17; but they are not applicable. These cases hold, in effect, merely that a plea in abatement (or in bar) to be available,
 
 must be pleadable, and pleaded,
 
 before final judgment on appeal, and will not be considered in an appellate court unless the
 
 facts
 
 in support of them should appear on the face of the record; nor will the case be
 
 remanded
 
 to receive evidence thereon, where the motion to do so is void of all equitable considerations. See, also, Cornell v. Dakin, 38 N.
 
 Y.
 
 253, Holyoke v. Adams, 59 N.
 
 Y.
 
 233, and Southport Mill v. Ansley (our No. 27222) 106 So. 720, 160 La. 131. All of which in no way conflicts with rule that a bankrupt may plead-
 
 *155
 
 his discharge pending the appeal to stay execution of the judgment so rendered (Rogers v. Western Ins. Co., 1 La. Ann. 161; Cornell v. Dakin, and Holyoke v. Adams, both supra); but that the
 
 sureties
 
 on the appeal bond may not do so (Serra v. Hoffman, 30 La. Ann. 67; Knapp v. Anderson, 71 N. Y. 466, 470 in fine).
 

 Decree.
 

 The judgment appealed from is therefore affirmed.
 

 O’NIELL, C. J., dissents.