JOSEPH M. KEYES and another *v.* PIERCE SHANNON and another.

Where property attached is released on the execution of bond with surety, and the debtor makes a surrender of his property before judgment, after which he action is cumulated with the insolvent proceedings, and a judgment for the claim is entered up with the consent of the syndic, the surety will be discharged. *Per Curiam :* Had no bond been given, the property attached would not have been subject to satisfy the judgment rendered against the syndic, but would have formed a part of the general fund from which all creditors were to be paid. The bond represents the property attached, so far as the attaching creditor is concerned. If, under the judgment against the syndic, the attaching creditor could have had no privilege on the property seized, he can have no right upon the bond, as the property represented by it has gone to the benefit of the mass of the creditors.

APPEAL from the Parish Court of New Orleans, *Maurian*, J. *Elmore* and *W. W. King*, for the plaintiffs.

*Benjamin*, for the appellant. The court below erred. The appellant bound himself to *satisfy such judgment as plaintiff might obtain against P. Shannon & Brother*. He so bound himself, because defendants had assured him that no judgment could possibly be obtained against them, inasmuch as they intended surrendering their property for the common benefit of their creditors, which they accordingly did. As the event on which the surety was bound to pay has never happened, he cannot be held responsible.

But the court below has decided, that a judgment against defendants' syndics, is the same thing as a judgment against defendants in person. This position will not bear an instant's examination. On the face of the judgment against the syndic, it is a mere liquidation of the debt. It was rendered on the confession of the syndic's attorney, expressly on the ground of its being considered merely as a liquidation of the debt. This judgment against the syndic was idle and useless. *Ex nihilo nihil fit.* It can create no rights against the appellant. The law requires or permits parties to sue, or to continue suits, against syndics, administrators, curators, &c., for the purpose of liquidating claims that are disputed. But if such syndics, curators, &c., do not contest the claim, there is neither sense nor reason in having judgments entered in court ; because the syndics or curators are by such judgments merely bound to place the claims on their tableaus of distribution when filed, and for obtaining this result, the judgment is idle and useless, if the debt is uncontested.

The bond of the defendants represents the property, so far as the attaching creditor is concerned. If the property had remained subject to the attachment, plaintiffs would have obtained no privilege on it, inasmuch as they failed before the plaintiffs obtained judgment. The jurisprudence on the subject is settled by repeated decisions of this court. The cession of property by defendants, dissolved the attachment of the plaintiffs, and reduced them to the level of ordinary creditors; and they cannot now have any rights on the bond, as the property attached, and which was re-presented by the bond, has gone to the benefit of the mass of the creditors. *Marr* v. *Lartigue*, 2 Mart. 89. *Hanna* v. *His Creditors*, 12 Mart. 65. *Fisher* v. *Vose*, 3 Rob. 461.

MORPHY, J. A. McKeever is appellant from a judgment rendered against him, as surety of the defendants, on a bond signed by the latter to obtain the release of certain goods attached by the plaintiffs. This suit was begun by attachment in the Commercial Court of New Orleans, on the 16th of March, 1840. Some property was attached, which was released on the defendants' giving bond, with A. McKeever as their surety, on the 20th of March, 1840. The condition of the bond was, that "if the defendants, Pierce Shannon and brother, should satisfy such judgment as might be rendered against them, the obligations should be void, or else should remain in full force." On the following day, on the 21st of March, 1840, the defendants filed their schedule in the Probate Court, and made a cession of their property, whereupon the judge made the usual order, directing a meeting of their creditors to be held, and all proceedings against the persons and property of the insolvents to be stayed. On the schedule, the debt sued for by the plaintiffs was admitted to be due. The suit of Keyes & Roberts was transferred from the Commercial Court to the Parish Court, and cumulated with the proceedings in insolvency. On the 15th of November, 1841, the syndic's attorney filed a written consent, upon which judgment was entered up against the syndic, on the same day, for $166 38, with legal interest from the day of judicial demand.

Under these facts, it appears to us, that the court below erred in giving judgment against the surety on the bond. McKeever bound himself to satisfy such judgment as the plaintiffs might obtain against the defendants in the suit against Pierce Shannon & Brother. No such judgment was ever rendered against them, as

they failed the very next day, and all proceedings against their persons and property were stayed. The event on which the surety undertook and bound himself to pay, has never happened. The judge below was of opinion, that the judgment against the syndic was the same thing as the judgment against the defendants in person. We cannot so consider it. The debt for which suit had been brought by Keyes & Roberts being admitted, the judgment entered up by consent against the syndic, was an idle and useless proceeding. It only bound the syndic to place the claim on his tableau of distribution, when he should file one. This he could and would have done without this judgment, as the debt was undisputed. The 35th section of the act of 1817, which provides for the continuance of suits against the syndic, applies to claims which are contested, and which it is necessary to liquidate. The judgment rendered by consent against the syndic, after the defendants had failed, is not such a judgment as was contemplated by the parties to the bond. They had in view a personal judgment against the defendants in the suit; one that could have been satisfied out of the property attached, which the bond was intended to represent. Had the attachment not been dissolved, it is clear, that the property attached would not have been subject to satisfy this judgment rendered against the syndic, as the representative of the creditors of the insolvents. The property attached must have been considered as part of the general fund, from which all the creditors were to be paid. The plaintiffs had obtained no privilege on it, inasmuch as the defendants failed before any judgment was obtained. 2 Mart. 98. 12 Mart. 32. 3 Rob. 461.

The bond of the defendants represents the property so far as the attaching creditors are concerned. If, under the judgment rendered against the syndic, they would have had no privilege on the property seized under their attachment, they cannot have any right on the bond, inasmuch as the property attached, and which was represented by the bond, has gone to the benefit of the mass of the creditors. They stand in the same situation as if the property had remained subject to their attachment. In the case of *Marr* v. *Lartigue*, (2 Mart. 89,) wherein it was for the first time decided, that an attachment gives no lien in case of the

defendant's failure, the Superior Court of the territory said : " Had the defendant relieved himself from the seizure, he would have given security to defend the suit and abide the judgment of the court. Could the penalty of the bond have been recovered, when afterwards, and before judgment, the proceedings were stayed, so that no judgment could be obtained, and the debt became by law, or the consent of the majority of the creditors, reduced in its amount, and payable out of a certain fund only ?" The case then supposed by the court, is the very one now under consideration, and we concur in the opinion, that no recovery can be had, as no judgment was ever rendered against the defendants within the sense and meaning of the bond, and the contemplation of the parties to it.

It is, therefore, ordered, that the judgment of the Parish Court be reversed, and that ours be in favor of A. McKeever, the defendant in the rule, with costs in both courts.