CURTIS, TRUSTEE, *vs.* BARNUM.

The statute of 1853, relating to insolvent debtors, which provides that all at-
tachments of the property of a debtor, made within sixty days preceding an
assignment by such debtor, under the provisions of the act, shall be dissolved,
and the property attached vest, free from the attachment, in the trustee,
applies to attachments made within the sixty days preceding the 1st day of
January, 1854, although the statute by its terms was not to take effect until
that date.

THIS was an action of trover, tried before the superior
court for Fairfield county, at the March term, 1856. The
court found the facts, and reserved the case for the advice of
this court.

From that finding, it appears that the defendant, on the
17th day of December, 1853, by virtue of a writ of attach-
ment in favor of William B. Glover against Cyrenius Curtis,
attached the goods in question, as the property of Curtis,
and took them into his possession, and afterward, in the
same month, attached them in two other suits. The credit-
ors in these suits, having obtained judgments and execu-
tions against Curtis, the defendant levied the executions
upon the property, sold the same, and applied the proceeds
on the executions.

Cyrenius Curtis, on the 7th day of January, 1854, made
an assignment of his property, in writing, for the benefit
of his creditors, under the act for the relief of insolvent
debtors, &c., passed at the May session of the general
assembly in 1853.* On the 13th day of January, 1854, the
plaintiff was duly appointed trustee of the property so as-

---

* The provisions of that statute, so far as they are material to the case, are the
following :

" Sect. 3    Whenever an assignment shall be made for the benefit of credit-
ors, all attachments of the property of such debtor, either real or personal,
made at any time within sixty days preceding such assignment, shall be dis-
solved, and all property so attached shall vest at once, free from all such
attachments, in such trustee ; and, in like manner, all levies of executions on
such property, except where made in pursuance of attachments not invalidated
hereby.

Sect. 24.   This act shall take effect on the first day of January, A. D. 1854."

signed, and on the 6th of February following, made demand of the defendant of the property ; which the defendant refused to deliver, and afterward sold under the executions.

*Belden,* for plaintiff.

1. The statute is an equitable enactment, the object of which was that the estate of an insolvent should be equally divided among all his creditors, and was intended for his benefit as well as theirs.

2. It was to take effect at such future time as not to affect rights already acquired by attachment without notice.

3. When the statute took effect, it took full effect, and all its provisions at the same time became operative.

4. The meaning of the statute is plain and evident, and must be construed according to the words. *Curtis* v. *Hurlbut,* 2 Conn. R., 309. *Heath* v. *White,* 5 Conn. R., 228. *Perkins* v. *Perkins,* 7 Conn. R., 558. See also *Goshen* v. *Stonington,* 4 Conn. R., 209. *Whitman* v. *Hapgood,* 10 Mass. R., 439. *Plumb* v. *Sawyer,* 21 Conn. R., 355.

5. The statute was no more retrospective when it first took effect, than now; all knew the provisions of the act then, and then knew, as they now know, that attachment-liens are only contingent, and liable to be defeated by the operation of this statute. The legislature would, if they had not intended otherwise, have provided, that all attachment-liens acquired prior to the 1st of January, 1854, should not be dissolved thereby.

*Treat* and *Blake,* for defendant.

The only question in this case is as to the proper construction of the statute. Ed. 1854, p. 514, sec. 3.

1. The construction claimed by the plaintiff makes the statute retrospective in its operation. *Plumb* v. *Sawyer,* 21 Conn. R., 351, and cases there cited.

2. The attaching creditors at the time acquired a lien upon the property, an interest which courts will protect. *Camp* v. *Bates,* 11 Conn. R., 51. *Lyon* v. *Sanford,* 5 Conn. R., 544.

3. The almost universal opinion and practice of the profession is against the plaintiff. Estates in many instances have been settled under this construction of the law.

WAITE, C. J.   Cyrenius Curtis made an assignment of his property, for the benefit of his creditors, under the statute relating to insolvent debtors.   That statute provides that all attachments, made at any time within sixty days preceding such assignment, shall be dissolved, and all property so attached shall vest at once, free from such attachments, in the trustee.

The attachments made by the defendant in the present case, were made within sixty days preceding that assignment, and therefore fall directly within the very provisions of the statute, and in consequence thereof, and of the assignment, became dissolved, and the property attached became vested in the plaintiff, as the trustee of the property assigned.

This, it is admitted, would clearly be the effect, had the attachments been made after the first day of January, 1854, when the statute went into operation.   But it is insisted that inasmuch as they were made before that time, a different rule of construction applies.

Had the statute taken effect from its passage, and the question been, whether it dissolved prior attachments, made when valid liens could thereby have been acquired, there would have been much force in this claim.

But we are inclined to think the legislature, by postponing the operation of the statute for an unusual period of time, intended thereby to give creditors ample opportunity to act with reference to its effect.

They could, as before the act was passed, safely attach at any time more than sixty days before an assignment could be made under the statute.   But if they waited longer, they attached subject to the liability of having their liens dissolved by a subsequent assignment.

The language of the statute is very broad and comprehensive, and so expressed as to leave no doubt as to its meaning.

Curtis, Trustee, *v.* Barnum.

It provides that all attachments, made at any time within sixty days preceding such assignment, shall at once be dissolved, leaving all prior attachments as they would have been had there been no change in the law.

It does not impair the creditor's debt, but merely dissolves the lien, and the priority which he would otherwise have obtained; and leaves him to stand upon the same ground as the other creditors of his debtor.

The creditors, in the present case, by postponing their attachments, have brought them within the operation of the statute, and rendered them liable to be dissolved by the subsequent assignment. Of all this they had knowledge, when they made their attachments, for the statute had then been passed and published. But for the subsequent assignment, their attachments would have remained valid, and so they would, had they been made subsequent to the first of January.

Our opinion, therefore, is that upon the facts found in the present case, the plaintiff is entitled to judgment; and we so advise the superior court.

In this opinion the other judges, STORRS and HINMAN, concurred.

Judgment for the plaintiff advised.