A. KLIPSTEIN & CO. v. ALLEN–MILES CO. et al.

(Circuit Court of Appeals, Fifth Circuit. January 11, 1905.)

No. 1,359.

1. BANKRUPTCY—PROVABLE DEBTS—RELEASE.

Where the debt for which plaintiff sued was provable in bankruptcy, and defendant was insolvent at the time suit was brought, and had since been insolvent, its discharge in bankruptcy pending such suit released it from liability, as provided by Bankr. Act July 1, 1898, c. 541, § 63, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447].

2. SAME—GARNISHMENT.

Where the debt sued on in garnishment proceedings was discharged pending suit by proceedings in bankruptcy against the debtor, the plaintiff could not have judgment thereon against the debtor.

3. SAME—BANKRUPT ACT—CONSTRUCTION.

Bankr. Act July 1, 1898, c. 541, § 16, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], providing that the liability of a person who is in any manner a surety for a bankrupt shall not be altered by a discharge of the bankrupt, refers only to co-debtors, guarantors, or sureties for the bankrupt on the original debt from which release is given by the discharge, and does not apply to the liability of a bankrupt's surety on a bond given to discharge a garnishment in a suit against the bankrupt

on a provable debt, pending at the time bankrupt proceedings were instituted.

**4. SAME.**

Civ. Code Ga. 1895, § 4719, provides that if the court shall decide that the fund in the hands of a garnishee was subject to garnishment had the garnishment not been dissolved the court shall then render judgment against the defendant and his securities. *Held*, that the phrase "subject to garnishment," as so used, referred to such fund as might be brought in subjection to garnishment, and hence applied only to demands resting in contract, which the defendant could enforce in an action at law.

**5. SAME—JUDGMENT AGAINST DEBTOR—SURETIES.**

Under Civ. Code Ga. 1895, § 4726, providing that plaintiff shall not have judgment against a garnishee until he has obtained judgment against the defendant, no judgment will be rendered against a defendant who had been discharged from the debt sued on in bankruptcy proceedings pending the garnishment, for the purpose of charging his sureties on a bond given to discharge the garnishment, conditioned for the payment of the judgment that should be rendered in the garnishment proceedings.

In Error to the Circuit Court of the United States for the Northern District of Georgia.

On the 10th day of December, 1902, the plaintiff brought suit against the Allen-Miles Company on complaint and summons, and on the 26th day of February, 1903, sued out a writ of garnishment, which was directed to and served on the Fourth National Bank of Atlanta, Ga., as the debtor of the said defendant. On said 26th day of February, 1903, the defendant gave bond under the provisions of the garnishment law of Georgia, with the Fidelity & Deposit Company of Maryland as security, by the terms of which it was provided that should the said defendant, or said Fidelity & Deposit Company, security, pay to the said plaintiff "the judgment that shall be rendered on said garnishment proceedings, then the bond to be void; otherwise of full force and effect." On the 28th day of May, 1903, the garnishee answered an indebtedness to the Allen-Miles Company of $53,579.98. Subsequently, on the 26th day of June, 1903, a petition in involuntary bankruptcy was filed against the said defendant, and on the 13th day of July, 1903, it was adjudged an involuntary bankrupt, and within 12 months thereafter was discharged as a bankrupt, as provided by the bankrupt act. This discharge was, among other things, pleaded in bar to this suit. It was agreed in writing by the parties that the account sued on in the case was a claim that was provable in bankruptcy; that at the time the garnishment was sued out and served on the garnishee the defendant Allen-Miles Company was then, and has since that date been, insolvent. It was also understood and agreed that no verdict and judgment in the case was to be rendered against the Allen-Miles Company, unless under the law and the evidence a verdict and judgment could be rendered against said company after a final discharge in bankruptcy, the truth of which was fully admitted on the trial of the case. The court directed a verdict in favor of the defendant the Allen-Miles Company, and refused to enter judgment against the Fidelity & Deposit Company, as surety aforesaid, to which action of the court the plaintiff excepted, and now assigns the same as error.

The following is the opinion of the court below:

PER CURIAM. The question for determination now, without reference to the other questions in the case, will, if determined in favor of the plaintiff, necessarily control the case. That question is this: It is admitted as a fact in the case that the Allen-Miles Company has been discharged in bankruptcy, and that within four months prior to the institution of the bankruptcy proceedings against the Allen-Miles Company garnishment proceedings were taken out and garnishment served on the Fourth National Bank, which garnishment was dissolved by a bond signed as surety by the Fidelity & Deposit Company of Maryland. The verdict and judgment asked for here against the Allen-Miles Company is to be formally entered for the purpose of taking

judgment finally on the bond given to dissolve the garnishment. I think the case is controlled very largely by the peculiar statute of Georgia with reference to garnishments and the dissolution of the same, contained in Civ. Code 1895, §§ 4717–4719. The case of Garden v. Crutchfield, 112 Ga. 274, 37 S. E. 368, clearly states the rule which is to be observed in taking judgment in the case of a bond given to dissolve garnishment. In the opinion in that case the court discusses the law prior to the act of 1885, and mentions the fact that under the old law the filing of a bond relieved the garnishee from all liability with regard to service of summons and the garnishee's right to pay over the money, or turn over the property in his hands to the defendant, no answer being required of the garnishee, and as to the further state of the old law that the dissolving bond made the principal and sureties liable for whatever judgment might be recovered in the suit, without regard to the amount of money or property in the hands of the garnishee. The court then states that the purpose of the act of 1885 was to limit the liability of the defendant and sureties on the dissolving bond to an amount which would represent the money or property in the hands of the garnishee. The court then proceeds, as pertinent to the present question, and says: "The bond under the present law is conditioned for the payment of the judgment that shall be rendered on said garnishment; and it has been held that a judgment of the garnishee is a condition precedent to a judgment on the bond given to dissolve the garnishment" (citing Linder v. Benson, 78 Ga. 116; Whitehead v. Patterson, 88 Ga. 748, 16 S. E. 66; Small v. Mendel, 96 Ga. 532, 23 S. E. 834). "The statute makes it the duty of the garnishee to file his answer notwithstanding the garnishment has been dissolved, and the amount of the judgment upon the bond given to dissolve the garnishment is dependent upon the judgment rendered on the garnishment proceeding. When the garnishee files his answer, it becomes the duty of the court to determine whether the fund or property which the answer shows was in the hands of the garnishee at the date of the service, or which came into his hands between the date of the service and the date of his answer, would have been subject to the garnishment if it had not been dissolved; and, if so, the court should enter a judgment to that effect, stating in the judgment the amount that the garnishee would have been held liable for in the event the garnishment had not been dissolved. Upon the rendition of a judgment of this character, the court has authority to enter a judgment against the defendant and the sureties on the bond given to dissolve the garnishment." This clearly shows, therefore, that, where a bond has been given to dissolve a garnishment in Georgia since 1885, three judgments in effect are necessary to reach the sureties on the dissolving bond. There must first be a judgment in the main suit against the defendant; then there must be a judgment finding that the garnishee had in his hands at the time the garnishment was served, or between that time and the date of the answer, funds or effects belonging to the defendant, and the amount thereof; then a judgment against the defendant and the sureties on the bond given to dissolve the garnishment.

The condition of the bond dissolving the garnishment here is that the surety shall pay "the judgment that shall be rendered on said garnishment proceeding." By the bankrupt act of 1898 (Act July 1, 1898, c. 541, § 67f, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3450]) it is perfectly clear that, if no bond had been given, this garnishment proceeding and the lien obtained thereby, being within four months of the institution of the bankruptcy proceedings, would have been dissolved. So much is admitted by counsel for the plaintiff in this case. The contention is that the giving of the bond to dissolve the garnishment in effect ended the garnishment proceedings, substituted the bond therefor, and the surety on the dissolving bond became simply a surety for the Allen-Miles Company, and liable as a surety under section 16 of the bankruptcy act (30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]). This is an interesting question, and one not entirely free from difficulty. In my judgment, however, the fact that under the statutes of Georgia it is necessary to have a judgment fixing the liability of the garnishee is controlling against the plaintiff. In order to get a judgment finding the fund in the hands of the garnishee subject to the garnishment, it seems to me that the garnishment proceeding must be treated as a live and existing proceeding, and that it certainly is not, under section 67f of the bankruptcy act. If, as was true under the old law in

Georgia, a bond had been given for whatever judgment might have been recovered in the main suit, and all that was necessary to do after such judgment in the main suit was obtained was to enter up judgment against the principal and sureties on the bond, even then an interesting question would be presented as to whether, under the practice in Georgia, a formal judgment in case of discharge in bankruptcy could be entered against the principal defendant solely for the purpose of obtaining a judgment on the bond dissolving the garnishment. But the difficulties under the present garnishment law would not then exist, and the only question would be as to the right to take a mere formal judgment in Georgia for the purpose of reaching the surety.

The fact that, notwithstanding the giving of the bond to dissolve the garnishment, the garnishee is required to answer for the purpose of fixing the amount of liability on the bond, shows that the garnishment proceeding is still alive, and is not superseded by the giving of the bond in a sense which, it seems to me, would be necessary in order to prevent section 67f of the bankruptcy act from operating on the proceeding, and make the situation such that it would be controlled by section 16 of the bankruptcy act. I think, in view of this peculiar statute, it would be impossible for the plaintiff to obtain a judgment on the bond and against the surety on the bond, because of the necessity of going through the intermediate proceedings against the garnishee, without reference to the question of whether it could be done, even if this intermediate proceeding was not in the way, and fatal to the plaintiff's contention. If no judgment could be obtained on the bond, then the court would not allow a mere formal verdict and judgment here (supposing that the jury should agree that the plaintiff was entitled to recover), where it would have no effect afterward. The purpose of the verdict and judgment sought to be obtained now is a basis for a judgment against the surety on the dissolving bond by virtue of the garnishment proceeding, and, that having fallen by the provisions of the bankruptcy act, in my opinion no such verdict and judgment could be entered here.

I think that the two cases cited by counsel for the defendant, one decided by the Supreme Court of Michigan (Bryant v. Kinyon, 86 N. W. 531, 53 L. R. A. 801), and the Mississippi case of Goyer Co. v. Jones, 30 South. 651, are very strong authorities in favor of the defendant's contention, even if the law in Georgia had been as it was before the act of 1885, with reference to garnishment. This is my view of the matter, gentlemen. I will have this filed, so that there may be no question about what the ruling is.

Shepard Bryan and H. A. Alexander, for plaintiff in error.

Rosser & Brandon, for defendants in error.

Before SHELBY, Circuit Judge, and TOULMIN, District Judge.

TOULMIN, District Judge. The main question presented for our consideration is whether the plaintiff was entitled to a judgment against the defendant the Allen-Miles Company, without which he could not have judgment against the garnishee and obtain judgment against the Fidelity & Deposit Company, security, on the dissolving bond in the garnishment proceeding. The condition of the bond is for the payment of the judgment that shall be rendered on said garnishment proceedings. Therefore a judgment against the garnishee is a condition precedent to a judgment on the bond to dissolve the garnishment. "The plaintiff in garnishment is not entitled to enter a judgment upon the bond given by the defendant to dissolve the garnishment until the plaintiff shall obtain the judgment of the court where said garnishment is pending against the property or funds against which garnishment was issued." Whitehead v. Patterson, 88 Ga. 748, 16 S. E. 66. Section 4726 of the Georgia Code (Civ. Code 1895) provides that "the plaintiff shall not

have judgment against the garnishee until he has obtained judgment against the defendant." The debt for which the plaintiff sues was a provable one in bankruptcy. The defendant Allen-Miles Company was insolvent at the time the suit was brought, and has since been insolvent. Its discharge in bankruptcy released it from all provable debts. Bankr. Act July 1, 1898, c. 541, § 63, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447]. The debt sued on having been discharged, and the remedy to enforce its payment destroyed, by the proceedings in bankruptcy, the plaintiff cannot have judgment on it against the defendant. Mutual Reserve Fund Life Ass'n v. Beatty, 2 Am. Bankr. Rep. 259, 93 Fed. 747, 35 C. C. A. 573; Collier on Bankruptcy (4th Ed.) 176; Goyer v. Jones (Miss.) 8 Am. Bankr. Rep. 437, 30 South. 651; Brandenburg on Bankruptcy, § 415. "The cases are numerous in which it has been held—and, we think, correctly—that, if one is bound as surety for another to pay any judgment that may be rendered in a specified action, if the judgment is defeated by the bankruptcy of the person for whom the obligation is assumed, the surety will be released. The obvious reason is that the event has not happened on which the liability of the surety was made to depend. Of this class of obligations are the ordinary bonds in attachment suits to dissolve an attachment, appeal bonds, and the like." Wolf v. Stix, 99 U. S. 8, 25 L. Ed. 309.

There are three judgments necessary to fix the liability of the security on the dissolving bond: (1) Judgment against the defendant; (2) judgment against the garnishee, which decides that the fund in his hands is subject to garnishment; and (3) judgment against the security. The question is not whether the discharge of the defendant released the liability of the surety, but whether the discharge prevented the happening of the contingency upon which the liability of the surety was to arise. If no judgment can be rendered against the defendant because of the discharge in bankruptcy, then no liability exists on the part of the surety. "The discharge of the bankrupt prevents the surety from incurring liability, rather than releases him." Odell v. Wootten, 4 N. B. R. 183, s. c., 38 Ga. 225. The contention of the plaintiff in error is that the discharge in bankruptcy of the principal debtor, the Allen-Miles Company, does not affect the liability of his surety, the Fidelity & Deposit Company, and that the lower court should have entered a special or qualified judgment against the Allen-Miles Company in order to charge the surety. To sustain this contention he invokes section 16, Bankr. Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], which provides that "the liability of a person who is a co-debtor with, a guarantor, or in any manner a surety for a bankrupt, shall not be altered by a discharge of the bankrupt." The liability of the surety on the dissolving garnishment bond is not altered by the discharge of the bankrupt defendant, but the discharge prevents the happening of the contingency on which that liability depends. As said by the court in the case of Odell v. Wootten, supra, "The discharge prevents the surety from incurring the liability." Besides this, the garnishment proceedings being had within four months prior to the bankruptcy proceedings, the surety is relieved not because of the discharge of the debtor, but because his bankruptcy avoided the lien acquired by the garnishment and

destroyed the remedy by which a judgment could be recovered against the defendant, which is indispensable to make the lien of any avail to the plaintiff. Moreover, we think that section 16 of the bankrupt act manifestly refers to co-debtors, guarantors, or sureties for the bankrupt on the same or original debt—the debt on which the release is given by the discharge. Brandenburg on Bankruptcy, § 412; In re De Long, 1 Am. Bankr. Rep. 66; Abendroth v. Van Dolsen, 131 U. S. 66, 9 Sup. Ct. 619, 33 L. Ed. 57.

No statute of Georgia, or practice in that state, authorizing the entry of a special or qualified judgment, has been brought to our attention, and we understand the counsel for the plaintiff in error to concede there is none. He, however, calls special attention to the case of Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083, as authority to the proposition that special judgments are, under some circumstances, rendered against a bankrupt defendant in order to charge his sureties. There are cases which, under certain circumstances, authorize such judgments, but our opinion is they have no application to the case at bar. In Re Marshall Paper Co., 4 Am. Bankr. Rep. 468, 102 Fed. 872, 43 C. C. A. 38; Id. (D. C.) 95 Fed. 419—it was held that the fact that a bankrupt corporation is granted a discharge does not free the directors or stockholders from their individual statutory liability for its debts and contracts. Indeed, the express provision of the bankrupt act forbids that the secondary liability of the officers, stockholders, or directors of a corporation under a state statute should be affected by a corporation's discharge in bankruptcy. Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]; In re Marshall Paper Co., supra. In Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083, the court held:

"If an attachment of property in an action in a state court is dissolved by the defendant's entering into a recognizance, with sureties, to pay, within 90 days after any final judgment against him, the amount of that judgment, and the defendant, after verdict against him, obtains his discharge in bankruptcy upon proceedings commenced more than four months after the attachment, the bankrupt act does not prevent the state court from rendering judgment against him on the verdict, with a perpetual stay of execution, so as to leave the plaintiff at liberty to proceed against the sureties." "Such attachment being recognized as valid by the bankrupt act [Rev. St. § 5044], a discharge in bankruptcy does not prevent the attaching creditors from taking judgment against the debtor in such limited form as may enable them to reap the benefit of their attachment. When the attachment remains in force, the creditors, notwithstanding the discharge, may have judgment against the bankrupt, to be levied only upon the property attached. Peck v. Jenness, 7 How. 612, 623, 12 L. Ed. 841; Doe v. Childress, 21 Wall. 642, 22 L. Ed. 549. When the attachment has been dissolved, in accordance with the statutes of the state, by the defendant's entering into a bond or recognizance, with sureties, conditioned to pay to the plaintiffs, within a certain number of days after any judgment rendered against him on a final trial, the amount of that judgment, the question of whether the state court is powerless to render even a formal judgment against him for the single purpose of charging such sureties * * * depends upon the extent of the authority of the state court under the local law."

It will be observed that in the last case cited the attachment was levied and a verdict rendered against the defendant more than four

months before the bankruptcy proceedings were commenced, and, the attachment being recognized as valid by the bankrupt law, it was held that a discharge in bankruptcy of the defendant did not prevent a limited judgment being subsequently had against him in favor of the plaintiff, to enable him to reap the benefit of his attachment if the local law of the state in which the action was brought authorized such formal judgment. The facts in the case at bar clearly distinguish it from the cases cited. Section 4719 of the Georgia Code (Civ. Code 1895) provides that, in the event the court shall decide that the fund in the hands of the garnishee was subject to garnishment had the garnishment not been dissolved, then the court shall render judgment against the defendant and his securities. The counsel for plaintiff in error, in his brief, concedes that if the phrase "subject to garnishment," used in the statute, means "in subjection to garnishment," then the court below was right in deciding against the plaintiff. Our opinion is that the phrase "subject to garnishment" means or refers to the class of fund or property which can be reached by garnishment; that the fund "subject to garnishment" means such fund as may be brought under the operation of or "in subjection" to garnishment. Only such demands as lie in contract, and which the defendant can enforce in an action at law, can be reached by garnishment. Jones' Adm'r v. Crews, 64 Ala. 368; Craft v. Summersell, 93 Ala. 430, 9 South. 593. The condition of the bond dissolving the garnishment is for the payment of the judgment that shall be rendered on the garnishment proceedings. This must be taken to mean for the payment of such a judgment as could have been rendered against the garnishee if the bond had not been given. Guilford v. Reeves, 103 Ala. 301, 15 South. 661; Collins v. Baldwin, 109 Ala. 402, 19 South. 862. No judgment could have been rendered against the garnishee on the garnishment proceedings if the bond had not been given, because such proceedings were invalidated by the adjudication in bankruptcy. In re McCartney (D. C.) 109 Fed. 621.

The judgment of the Circuit Court is affirmed.