### In re MAAGET.

(District Court, S. D. New York.   October 13, 1909.)

BANKRUPTCY (§ 216*)—STAY OF ACTIONS AGAINST BANKRUPT—VACATION.

A court of bankruptcy may properly permit an attachment creditor, where the bankrupt had given a bond, to prosecute his action to judgment against the bankrupt for the purpose of perfecting his right of action against the surety, where the estate is protected from loss.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 331; Dec. Dig. § 216.*]

In Bankruptcy. In the matter of Israel Maaget, bankrupt. On motion to vacate stay. Motion granted.

Marks & Marks, for bankrupt.
Hayes, Hershfield & Wolf, for creditor.

HAND, District Judge. When this matter came before me in July, I considered only the question as to whether the creditor should give a bond, so as to secure the repayment to the estate of so much of the recovery as would equal the value of the indemnity held by the surety. A question now arises as to whether I should allow the creditor to proceed to judgment against the bankrupt upon a provable debt, merely for the purpose of fulfilling the condition of the bond, and so of perfecting his right against the surety. The case of Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083, shows that this may be done, at least in case the attachment was levied more than four months prior to the petition. I do not think that it makes any difference when the attachment was levied. It is quite true that, when the creditor comes to sue the surety, he may be met by the defense that, as the attachment was void, there was no consideration for the bond; but that is a question for the state court in that action. I am quite satisfied that it is not a question for the bankruptcy court, because it does not concern any personal right of the bankrupt, nor any portion of his estate, certainly not in case the creditor is obliged to secure the estate to the extent of any indemnity in the surety's hands, as he must do in this case. The case of Klipstein v. Allen-Miles Co., 14 Am. Bankr. Rep. 15, 136 Fed. 385, 69 C. C. A. 229, decides that the creditor cannot recover against the surety in such an action; but that is a decision upon an action at law, brought by the creditor against the bankrupt and surety. It was not a motion in the bankruptcy court.

I shall, therefore, vacate the stay permitting the creditor to sue the bankrupt and to take judgment, but not to issue execution. The creditor may then sue the surety and determine the question of the validity of the bond in some other tribunal, which alone has, it seems to me, the authority to determine that question. In relation to the motion to compel the creditor to surrender the bond, I will deny this motion, conditionally upon the creditor's filing an undertaking equal to the value of the indemnity which is held by the surety. If the parties cannot agree upon the value of the indemnity, I must direct a reference, as indicated in my former opinion upon that issue. By so insuring the estate against any loss through an invalid attachment, it seems to me I have gone as far as the bankruptcy court can go.