## CROOK HORNER COMPANY *vs.* CHARLES GILPIN.

*Attachment Against Person Adjudicated Bankrupt Within Four Months Thereafter—Discharge of Bond Given to Dissolve Attachment.*

The Federal Bankrupt Act (sec. 67F) provides that all judgments, attachments or other liens, obtained against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudicated a bankrupt and the property affected by the attachment or other lien shall be deemed wholly discharged and released from the same. An attachment was issued against the defendant on December 19th, 1905, which was dissolved upon the filing of a bond by a surety on December 28th. On February 26th, 1906, the defendant was adjudicated a bankrupt and finally discharged in January, 1909. *Held,* that the plaintiff in the attachment is not entitled to ask for a judgment against the defendant with a perpetual stay of execution in order to be enabled to proceed against the surety on the bond given to dissolve the attachment, but that, under the terms of the Bankrupt Act, the attachment became void, since it was issued within less than four months before the institution of the proceedings in bankruptcy; that if tangible property had been attached it would have been released from the lien, and there is no reason why the bond, which stands in the place of property, should not also be released.

*Decided January 12th, 1910.*

Appeal from the Court of Common Pleas of Baltimore City (DOBLER, J.).

The cause was argued before Boyd, C. J., Briscoe, Pearce, Schmucker, Burke and Thomas, JJ.

*Robert H. Smith* and *J. Craig McLanahan,* for the appellant.

*Charles F. Harley* (with whom was *John B. A. Wheltle* on the brief), for the appellee.

Briscoe, J., delivered the opinion of the Court.

The plaintiff sued out of the Court of Common Pleas of Baltimore City, on the 19th day of December, 1905, an attachment against the defendant, a non-resident of the State, to recover the sum of three thousand nine hundred and six dollars due and owing, for work done and materials furnished, in the erection of the heating apparatus, of the Hotel Caswell, Baltimore City.

The defendant appeared to the suit, and on the 28th day of December, 1905, a bond was filed by the Scranton Trust Company as surety, and the attachment was dissolved.

On the 26th day of February, 1906, the defendant was adjudicated a bankrupt by the District Court of the United States for the Eastern District of Pennsylvania, sitting in bankruptcy, and on the 11th day of January, 1909, by an order and decree of that Court was discharged from all debts owing by him and provable under the Bankrupt Act.

The declaration in the short note case is in assumpsit, and contains the usual money counts.

The precise question is presented on the pleadings and it arose in this way: The defendant, on the 28th day of December, 1905, pleaded to the declaration in the short note case the usual pleas of never indebted as alleged and did not promise as alleged, and issue was joined thereon.

On the 13th day of January, 1909, the defendant by leave of Court filed an additional plea to the declaration wherein he sets up and pleads his discharge in bankruptcy by a Court of competent jurisdiction from all his debts and that the ad-

judication was upon a petition filed less than four months after the issuing of the attachment. In other words, it appears that the attachment was issued on the 19th day of December, 1905, and the decree in bankruptcy was passed on the 26th day of February, 1906, so it is clear that the attachment proceeding was begun against the defendant within four months before the commencement of the proceedings in bankruptcy.

To this plea of discharge in bankruptcy the plaintiff replied: "That the adjudication of the defendant a bankrupt, and his discharge in bankruptcy by order or decree of the United States District Court for the Eastern District of Pennsylvania, does not release or discharge the surety on the bond filed in this case by the defendant to dissolve the attachment which had been previously issued and levied by the plaintiff on the moneys and credits of the defendant, which bond had been executed and filed in the case before the filing in the District Court of the defendant's petition to be adjudged a bankrupt. That the judgment sought to be obtained in this case against the defendant is solely and exclusively to bind the surety in the bond filed to dissolve the attachment issued and levied on the moneys and credits of the defendant, and if a judgment is had in this case against the defendant, the Court will be asked by the plaintiff by its order to restrain the plaintiff from ever issuing an execution on said judgment against the defendant."

The defendant demurred to this replication and the Court below sustained the demurrer, and gave judgment thereon in favor of the defendant. And from this judgment the plaintiffs have appealed.

The validity of the plaintiffs' replication to the defendant's plea, it will be seen, must depend upon the effect to be given and the proper construction to be placed on sec. 67 F of the Bankrupt Act, 1898, *U. S. R. S.,* Vol. 30, page 565. The language of the Act, is to this effect: "That all levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent, at any time within

four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudicated a bankrupt, and the property affected by the levy. judgment, attachment or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the Court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate aforesaid * * *, provided that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment or other lien, of a *bona fide* purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry."

On the part of the plaintiffs it is contended that they are entitled to a judgment against the defendant with a perpetual stay of execution in order to establish a liability against the surety notwithstanding the fact that the bankruptcy proceeding was begun within four months after the attachment was instituted, because a bond was given to dissolve the attachment and the lien was released, before the proceedings in bankruptcy were commenced, and further, as no lien existed, when the petition was filed, there was nothing upon which the bankrupt law was to act.

On the other hand, the defendant contends that the proceedings in bankruptcy having been instituted within four months after the issuing of the attachment, that the Courts of this State, have no jurisdiction to enter up a qualified judgment, with stay of execution against the defendant, to bind the surety, because under the Bankrupt Act, *supra,* such attachment proceedings are declared to be null and void.

While the main question here raised has not been heretofore passed upon by this Court, it is, at least, answered in part by the recent case of *Kendrick & Roberts* v. *Warren Bros.,* 110 Md. 47. In that case, the plaintiff had issued an attachment. against the defendant, which

was dissolved upon giving a bond. It appears that more than four months thereafter proceedings were had in bankruptcy against the defendant and he was discharged. We there held, that this discharge in bankruptcy did not prevent the plaintiff from obtaining a judgment in the attachment suit against the defendant, with a perpetual stay of execution. The object of the judgment was to allow the plaintiff to proceed against the sureties on the bond given to dissolve the attachment. It was further held, and we here quote from the opinion: "But it is earnestly insisted there is no such practice in this State, as to warrant a special or qualified judgment, to wit, a judgment with a perpetual stay of execution and the Courts are without power to so render them. We are, however, unable to agree with this contention. A sufficient warrant, we think, can be found in sec. 14 of Article 26 of the Code of Public General Laws, 1904, wherein it is provided, the Court shall give judgment in all actions according as the very right of the cause and matter in law shall appear to them, without regarding any matters of mere form, so as sufficient matter, shall appear in the proceedings, upon which the Court shall proceed to give judgment, and it shall appear that the action has been commenced after the cause thereof did accrue. When it appears, then, a good and sufficient reason exist for a qualified judgment as in this case, such a judgment can be rendered." 2 *Evans Harris,* 345; *Peck* v. *Jenness,* 48 U. S. 612; *Dor* v. *Childress,* 88 U. S. 642; *Hill* v. *Harding,* 130 U. S. 702.

The ultimate inquiry then in the case at bar and wherein it differs from *Kendrick and Roberts* v. *Warren Bros.' Case. supra,* properly comes to this: Can the Courts of this State, enter a judgment, with a perpetual stay of execution, against a defendant in an attachment suit, instituted *within four months before* the defendant has filed a petition to be adjudicated a bankrupt and when he is subsequently discharged as a bankrupt, for the purpose of allowing the plaintiff to proceed against the surety on the bond given to dissolve the attachment?

The decision of this question as we have said, must depend upon the language and the effect to be given to Section 67 F of the Bankrupt Act, herein cited. The language of this section, we think, is quite clear and comprehensive, and broad enough to include within its terms, the defendant, and the surety we are here dealing with. It provides in terms that all levies, judgments, *attachments,* or other liens obtained against a person who is insolvent, at any time *within* four months prior to the filing of a petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt.

In *Kendrick and Roberts* v. *Warren Bros., supra,* we held, upon the authority of *Hill* v. *Harding,* 130 U. S. 702, that where the bond or recognizance was given to dissolve the attachment, issued more than four months before the commencement of the proceedings in bankruptcy, there was nothing in the provisions of the Bankrupt Act to prevent the State Court from rendering a qualified judgment, with a stay of execution. JUSTICE GRAY in delivering the opinion of the Court, in *Hill* v. *Harding, supra,* said : "Such attachments being recognized as valid by the Bankrupt Act (*Rev. Stat.,* sec. 5044), a discharge in bankruptcy does not prevent the attaching creditors from taking judgment against the debtor in such limited form as may enable them to reap the benefit of their attachment. The judgment is not against the person or property of the bankrupt, and has no other effect than to enable the plaintiff to charge the sureties, in accordance with the express terms of the contract, and with the spirit of that provision of the Bankrupt Act which declares that 'no discharge shall relieve, discharge or affect any person liable for the same debt, or with the bankrupt, either as partner, joint contractor, indorser, surety or otherwise.' If the bond was executed before the commencement of proceedings in bankruptcy, the discharge of the bankrupt protects him from liability to the obligees ; so that, in an action on the bond against him and his sureties, any judgment recovered by the plaintiffs must be accompanied with a perpetual stay of exe-

cution against him; but his discharge does not prevent that judgment from being rendered generally against them." *Wolf* v. *Stix*, 99 U. S. 1; *Metcalf* v. *Barker*, 187 U. S. 165; *Black on Bankruptcy*, 94.

But in the case now under consideration we are met with an entirely different proposition, because the Bankrupt Act (1898) declares that attachments or other liens obtained at any time *within four months* prior to the filing of a petition in bankruptcy against an insolvent person shall be deemed null and void in case he is adjudicated a bankrupt, and the property affected by the attachment or other lien shall be deemed wholly discharged and released from the same and shall pass to the trustee as a part of the estate of the bankrupt.

Now, it is quite clear, we think, if no bond had been filed, the attachment having issued within four months prior to the filing of the petition, the lien, attachment and all the proceedings would have been null and void, by the terms and operation of the Bankrupt Act.

In *Hill* v. *Harding*, 130 U. S. 703, it is said, the bond or recognizance takes the place of the attachment as a security for the debt of the attaching creditor, they cannot dispute the election, given to the debtor by statute of substituting the new security for the old one.

In *Conner* v. *Mallory*, 31 Md. 468, this Court said, the period of four months was fixed as a period within which no preference should be gained by one creditor by attachment over the claims of other creditors of the bankrupt. And the law effects no hardships in dissolving such attachments, as the creditor's claim is not impaired and he is only deprived of a lien and piority that he might otherwise obtain to the prejudice of other creditors and in violation of the policy of the law, which is to effect a fair and equal distribution of the property of the bankrupt among all his creditors.

It is also quite certain, under both the decisions and the terms of the Bankrupt Act itself, that if the property had been attached within four months prior to the filing of the

petition, and the defendant had been adjudged a bankrupt it would have been released and discharged and if this be so, there can be no reason why the bond which stands in the place of the attachment and the property should not be relieved and released. *Metchalf* v. *Barker*, 187 U. S. 174; *Hill* v. *Harding*, 130 U. S. 699; *Wolf* v. *Stix*, 99 U. S. 1; *Randle* v. *Mellen*, 67 Md. 181; *Hutchins* v. *Taylor*, 5 Law Rep. 289; *Swan* v. *Littlefield*, 4 Cush. 574; *Curtis* v. *Barnum*, 25 Conn. 370.

The recent cases of *House* v. *Schuadig*, 235 Illinois, 304. and *A. Kilpstein & Co.* v. *Allen-Miles Co.*, 136 Fed. Rep. 388, are in point and are somewhat analogous cases. They present a construction of Section 67F of the Bankrupt Act of 1898, and support the conclusion we have reached in this case.

In the *Illinois Case, supra*, the Court said, that case was distinguishable from the *Hill* v. *Harding Case*, because in the *Hill Case* the attachment was sued out more than four months prior to his filing his petition in bankruptcy. The attachment became a lien in favor of the attaching creditor, upon a levy being made and this lien would not have been affected by the bankruptcy proceedings. Its release was accomplished by the recogizance given in accordance with the provisions of the statute. In the case at bar (the Illinois Case) the appeal bond was given on the 31st day of May, 1906, and the petition in bankruptcy was filed on the 8th of June following. If the appellants had secured a lien on property by an execution or otherwise, at the time the appeal bond was given, it would have been rendered null and void by the bankruptcy proceedings, Sec. 67F, Bankrupt Act.

The Supreme Court of Illinois, held, that the discharge in bankruptcy on the facts of that case, was a bar to the rendition of a judgment against the bankrupt, and released the surety.

In the *Klipstein Case,* the Circuit Court of Appeals, Fifth Circuit, held, that where the debt for which the plaintiff sued was provable in bankruptcy and defendant was insolvent at the time suit was brought and had since been in-

solvent, its discharge in bankruptcy pending such suit released it from liability as provided by Bankrupt Act of 1898, and plaintiff cannot have judgment on it against the defendant.

This case was based upon a garnishment proceeding, and it was admitted as a fact, that the defendant had been discharged in bankruptcy and that within four months prior to the proceedings, garnishment was taken out, and these proceedings had been dissolved by a bond signed as surety by the Fidelity and Deposit Company of Maryland. The Court held, upon the facts of the case, that judgment could not be entered against the defendant for the purpose of taking final judgment on the bond given to dissolve the garnishment, because the discharge prevents the surety from incurring the liability. And this was so, independent of the Statute of Georgia, because the garnishment proceedings being had within four months prior to the bankruptcy proceedings, they were invalidated by the adjudication in bankruptcy. The facts of the case said the Court clearly distinguish it from the case of *Hill* v. *Harding, supra,* and from the other cases cited.

Our conclusion then is, that the case at bar is distinguishable from the case of *Kendrick & Roberts* v. *Warren Bros., supra,* and for the reasons given the defendant's demurrer to the plaintiffs' replication was properly sustained and the judgment on the demurrer in favor of the defendant will be affirmed.

This conclusion it seems to us is sanctioned by the weight of authority, as declared by the Courts and by the text-writers—*Collier on Bankruptcy,* 306; 1 *Remington on Bankruptcy,* 902; *Brandenburg on Bankruptcy,* 415; *Loveland on Bankruptcy,* 852; *In re Richards,* 3 A. B. R. 145; *First Nat. Bk. of Balto.* v. *Staake,* 202 U. S. 141; *Klipstein* v. *Allen-Miles Co.,* 201 U. S. 647.

The case of *McCombs* v. *Allen,* 82 N. Y. 115, cited and relied upon by the appellant in its brief, cannot be regarded as a controlling authority, if an authority at all, to sustain

the appellant's position, under the facts of this case. In that case, the Court held, that the proceedings in bankruptcy were no defense, as there was at the time no attachment lien or *attachment in force* upon which the proceeding could operate, and that neither the letter nor the policy of the Bankrupt Act, was infringed by holding the defendant liable. For the reasons given, the judgment will be affirmed.

*Judgment affirmed, with costs.*