In re MAAGET. (Circuit Court of Appeals, Second Circuit. June 14, 1910.) No. 233. Petition to Review Order of the District Court of the United States for the Southern District of New York. This cause comes here upon petition to review an order of the District Court, Southern District of New York, sitting in bankruptcy. Hays, Hershfield & Wolf (Ralph Wolf, of counsel), for petitioner. Marks & Marks (Harry M. Marks, of counsel), for respondent. Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. On August 27, 1908, the woolen company sued Maaget in the superior court of Fairfield county, Conn., to recover some $10,000. Attachment was issued under the statutes of that state and duly levied upon his property therein. On August 29th Maaget, with the National Surety Company as surety, discharged the attachment, by giving the usual bond to plaintiff. In order to induce the surety company to execute this bond, one Sack of Bridgeport, Conn., executed his personal bond to that company indemnifying

it against loss. In order to induce Sack to indemnify the surety company, Maaget delivered to him 29 shares of the Maaget Company as security against. any loss he might sustain by reason of his indemnity. . On September 25, 1908, proceedings in involuntary bankruptcy were instituted against Maaget. On, January 19, 1909, the bankrupt moved in the superior court for a stay of pro- ceedings on the ground that he had been adjudicated a bankrupt, and that the claim of the woolen company was one dischargeable in bankruptcy. That court denied the motion on the ground that the plaintiff could enter a modi- fied judgment under which it could pursue its remedies solely against the surety company. Thereupon a motion was made in the bankruptcy court to vacate the attachment and discharge the surety company bond. This motion was denied upon condition that the American Woolen Company execute a bond in the amount of $10,000, conditioned that in the event of its recovery on the surety bond it will pay to the estate of the bankrupt the value of the 29 shares of stock of the Maaget stock, such value to be determined by a sum- mary proceeding.. Various propositions have been submitted: That, the bond having taken the place of the attachment, there was nothing to vacate; that.. the court could not on the mere motion of the bankrupt discharge the con- tract between the woolen company and the surety company—and others.. None of these need be discussed because the petitioner has expressed his will- ingness to give a bond in the required amount for the payment to the estate of any judgment that may be recovered by the trustee against the woolen com- pany to recover the 29 shares of Maaget Company stock or its proceeds, such action to be begun within a reasonable time to be fixed by the court. We think petitioner should be allowed to try out the propositions it advances, without being summarily foreclosed, and that the security offered will suffi- ciently protect the estate. The order of the District Court is modified ac- cordingly. See; also, 173 Fed. 232.