LAND, J.
On June 18, 1909, the plaintiff instituted this suit on an open account for $3,013.64 against the defendant, a resident of the state of Mississippi, and attached his property on the ground of his nonresidence. On the next day the property seized was released on bond for $5,000, with the United States Fidelity & Guaranty Company as surety. On November 2, 1909, further proceedings were stayed on the ground that the defendant had been duly adjudged a bankrupt on September 3, 1909, in the United States District Court for the Southern Dis *135 triet of the State of Mississippi. The defendant was duly discharged as a bankrupt on May 14, 1910.
On June 6, 1910, the defendant pleaded bis discharge in bar of further proceedings in this suit. On October 3, 1910, the plaintiff filed an answer to the application for discharge asserting its right to proceed with the cause to judgment against defendant, with a perpetual stay of execution as against him, reserving its rights against the surety company on the release bond.
judgment was rendered in favor of the defendant, sustaining his plea in bar, and dismissing plaintiff’s suit, with costs. Plaintiff has appealed.
. Section 67f of the United States bankruptcy act of July 1, 1898 (chapter 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]), reads as follows:
“That all levies, judgments, attachments or other liens, obtained through legal -proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien, shall be deemed wholly discharged and released from' the same, and shall pass to the trustee as part of the estate of the bankrupt.”
Section 16 of the same act provides:
“The liability of a person who is a codobtor with, or guarantor, or in any manner a surety for, a bankrupt, shall not be altered b.y the discharge of such bankrupt.”
In Keyes v. Shannon, 8 Rob. 172, 41 Am. Dec. 299, our predecessors decided that where property attached was released on the execution of bond with surety, and the debt- or, before judgment, made a surrender of his property under the state insolvent laws, the surety will be discharged. The court held that the bond represented the property so far as the attaching creditors were concerned, that the cession of property dissolved the attachment, and that plaintiff, having no privilege on the property, could have no right of action on the bond.
The court said, inter alia, that the surety bound bimself to satisfy such judgment as the plaintiffs might obtain against the defendants in the suit between them, and that the event on which the surety undertook and bound bimself to pay never happened.
The doctrine of this case has never been overruled or modified. In Serra é Hijo v. Hoffman & Co., 30 La. Ann. 67, it was held that the defendant’s discharge in bankruptcy pendente lite did not release the surety on their appeal bond. In that ease a money judgment had been rendered against the defendants, who thereupon appealed to the Supreme Court, which affirmed the judgment. That case was decided on the well-recognized rule that the liability of a surety is not affected by the discharge in bankruptcy of the principal debtor. Section 16 of the bankrupt act of 1898 merely recognizes this general rule of law. Section 67f of the same statute, however, strikes with nullity all levies, attachments, or liens obtained through legal proceedings against an insolvent at any time within four months prior to the filing of a petition in bankruptcy in case he is adjudged a bankrupt. It is difficult to conceive how attachment proceedings thus pronounced null and void can produce any legal effect. The attachment being dissolved by operation of the statute, nothing is left but a suit in personam which is stayed by the pendency of the bankrupt proceedings. In such a case, the subsequent discharge of the debtor extinguishes the obligation on which the suit was based, and renders it legally impossible for the creditor to recover judgment against his former debtor.
Where an attachment is released on bond, the condition is that the defendant will satisfy such judgment,-to the value-of the property attached, as may be rendered against him in the pending suit. C. P. art. 259. No proceeding can be had against the surety on such a bond until after the judgment has *137 been rendered against the defendant, and execution issued thereon, and a return of nulla bona made by the sheriff. Id. Where no judgment can be rendered and executed against the defendant in attachment, the statutory liability of the surety on the release bond can never arise.
In the notes to Stull v. Beddeo, 14 L. R. A. (N. S.) 510, the editor, after reviewing the authorities and citing Keyes v. Shannon, supra, Klipstein v. Alien-Miles Co., 136 Fed. 385, 69 C. C. A. 229, and Payne v. Able, 7 Bush (Ky.) 344, 3 Am. Rep. 316, says:
“Where, however, the attachment proceedings are not commenced more than four months prior to the bankruptcy proceeding against' the debt- or, no valid lien is obtained, and the rule sustaining the liability of the surety on the theory that the bond stands in lieu of the property attached no longer obtains; and the doctrine that the discharge of the debtor or principal will prevent the happening of the contingency upon which the liability of the surety depends, and therefore operate to release him will apply.”
In the recent well-considered case of Crook-Horner Co. v. Gilpin, 112 Md. 1, 75 Atl. 1049, 28 L. R. A. (N. S.) 233, 136 Am. St. Rep. 376, the cases were reviewed, and the conclusion reached is thus expressed in the syllabus:
“A discharge in bankruptcy releases liability on a bond executed to release property of the bankrupt attached less than four months before the commencement of bankruptcy proceedings, where the 'bankruptcy statutes make attachments levied against the bankrupt within that time void, although the giving of the bond had released the attachment before the commencement of the bankruptcy proceedings.”
The court, inter alia, said:
“It is also quite certain, under both the decisions and the terms of the bankrupt act itself, that if the property had been attached within four months prior to the filing of the petition, and the defendant had been adjudged a bankrupt, it would have been released and discharged ; and, if this be so, there can be no reason why the bond which stands in the place of the attachment and the property should not be relieved and released.”
The court also held that in such a case no judgment with stay of execution could be taken against the bankrupt, with the view of proceeding against the surety.
While there is some conflict on this question among the cases in other states, the weight of authority supports the conclusion reached by our predecessors in Keyes v. Shannon, supra, that a surety on a release bond given in an attachment suit is relieved by the bankruptcy of the defendant.
Judgment affirmed.