AYRES, Judge.
This is an action on a promissory note in connection with which certain property of the defendant was attached. Release of the property was subsequently obtained by defendant on a bond executed by Sam J. DeFatta as surety. In a supplemental petition, it was alleged that the property bonded had been disposed of and that de *607 fendant was unable to produce the same. Accordingly, DeFatta was joined as a party defendant and judgment was sought against him. In the amended petition, it was alleged
“That since the filing of the original petition herein, the said C. C. Cummings filed bankruptcy, being number 7224 in Bankruptcy in the United States District Court for the Western District of Louisiana.”
Therefore, plaintiff prayed that he have judgment against both Cummings and De-Fatta but that he, plaintiff, be perpetually restrained from executing judgment against the bankrupt, C. C. Cummings. To plaintiff’s action, DeFatta filed and successfully urged, in the trial court, an exception of no cause and of no right of action, and, from the judgment, plaintiff appealed.
The exception was, in our opinion, properly sustained. The condition of the bond, executed by DeFatta as surety, was that the principal would satisfy such judgment to the value of the property attached as might be rendered against him in the pending action. Code of Practice, Art. 2S9. In this connection, it was stated in Windisch-Muhlhauser Brewing Co. v. Simms, 129 La. 134, 136-137, 55 So. 739, 740,
“Where an attachment is released on bond, the condition is that the defendant will satisfy such judgment, to the value of the property attached, as may be rendered against him in the pending suit. C.P. Art. 259. No proceeding can be had against the surety on such a bond until after the judgment has been rendered against the defendant, and execution issued thereon, and a return of milla bona made by the sheriff. Id. Where no judgment can be rendered and executed against the defendant in attachment, the statutory liability of the surety on the release bond can never arise.” (Emphasis supplied.)
The ruling thus made is applicable to the facts of the instant case. Here, it is made to appear, by plaintiff’s pleadings, that no judgment has been rendered against defendant, nor has execution issued or been returned nulla bona. Under these facts, sufficient basis is shown for the affirmance of the judgment.
However, it is further urged that the defendant, Cummings, has been adjudicated a bankrupt and granted a discharge; that no judgment, therefore, can be rendered and executed against him. As a consequence, the contention is made that the statutory liability of the surety can never arise. That Cummings was adjudicated a bankrupt within four months of the attachment and seizure of his property appears, so the surety contends, first, from the allegations of plaintiff’s pleadings and, second, by certified copies of the adjudication and discharge in bankruptcy filed on behalf of the defendant. Plaintiff insists, however, first, that the documents, not made a part of his pleadings, cannot be taken into account in giving consideration to an exception of no cause of action and, second, that his pleadings are insufficient to support an affirmative showing on his part, that defendant was either adjudicated a bankrupt or granted a discharge in bankruptcy.
Consideration of the first of plaintiff’s contentions may be entirely dispensed with because we find an affirmative showing in his pleadings that Cummings was adjudicated a bankrupt, as heretofore noted in quoting from plaintiff’s amended petition, and that, from plaintiff’s prayer that he be perpetually restrained from executing judgment against “the bankrupt, C. C. Cummings,” it could only be concluded Cummings was granted a discharge in bankruptcy.
Under a similar state of facts, the surety on the bond for the release of property attached was relieved of all liability. Windisch-Muhlhauser Brewing Co. v. Simms, supra. There, after quoting Section 67, *608 sub. f of the United States Bankruptcy Act of July 1, 1898 (chapter 541, 30 Stat. 565 [U.S.Comp.St.1901, p. 3450]), reading as follows:
“That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien, shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt.”
which corresponds with U.S.C.A. Title 11, Bankruptcy, § 107, sub. a(l):
“Every lien against the property of a person obtained by attachment, judgment, levy or other legal or equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this title by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this title * *
and, after quoting from Section 16 of the former statute, 11 U.S.C.A. § 34, to the effect that the liability of a person who is a codebtor with, or guarantor, or in any manner a surety for, a bankrupt, shall not be altered by the discharge of such bankrupt, the court stated:
“In Keyes v. Shannon, 8 Rob. 172, 41 Am.Dec. 299, our predecessors decided that where property attached was released on the execution of bond with surety, and the debtor, before judgment, made a surrender of his property under the state insolvent laws, the surety will be discharged. The court held that the bond represented the property so far as the attaching creditors were concerned, that the cession of property dissolved the attachment, and that plaintiff, having no privilege on the property, could have no right of action on the bond.
“TEe court said, inter alia, that the surety bound himself to satisfy such judgment as the plaintiffs might obtain against the defendants in the suit between them, and that the event on which the surety undertook and bound himself to pay never happened.
“The doctrine of this case has* never been overruled or modified. In Serra é Hijo v. Hoffman & Co., 30 La. Ann. 67, it was held that the defendant’s discharge in bankruptcy pendente lite did not release the surety on their appeal bond. In that case a money judgment had been rendered against the defendants, who thereupon appealed to the Supreme Court, which affirmed the judgment. That case was decided on the well-recognized rule that the liability of a surety is not affected by the discharge in bankruptcy of the principal debtor. Section 16 of the bankrupt act of 1898 merely recognizes this general rule of law. Section 67f of the same statute, however, strikes with nullity all levies, attachments, or liens obtained through legal proceedings against an insolvent at any time within four months prior to the filing of a petition in bankruptcy in case he is adjudged a bankrupt. It is difficult to conceive how attachment proceedings thus pronounced null and void can produce any legal effect. The attachment being dissolved by operation of the statute, nothing is left but a suit in personam which is stayed by the pendency of the bankrupt proceedings. In such a case, the subsequent discharge of the debtor extinguishes the obligation on which the suit was based, and renders it legally impossible for the creditor to recover judgment against his former debtor.
*609 ******
“In the notes to Stull [Bros.] v. Beddeo [78 Neb. 114, 112 N.W. 315], 14 L.R.A..N.S., 507, 510, 'the editor, after reviewing the authorities and citing Keyes v. Shannon, supra, Klipstein & Co. v. Alien-Miles Co., 136 F. 385, 69 C.C.A. 229, and Payne v. Able, 7 Bush (Ky.) 344, 3 Am.Rep. 316, says:
“ ‘Where, however, the attachment proceedings are not commenced more than four months prior to the bankruptcy proceeding against the debtor, no valid lien is obtained, and the rule sustaining the liability of the surety on the theory that the bond stands in lieu of the property attached no longer obtains; and the doctrine that the discharge of the debtor or principal will prevent the happening of the contingency upon which the liability of the surety depends, and therefore operate to release him will apply.’
“In the recent well-considered case of Crook Horner Co. v. Gilpin, 112 Md. 1, 75 A. 1049, 28 L.R.A..N.S., 233, 136 Am.St.Rep. 376, the cases were reviewed, and the conclusion reached is thus expressed in the syllabus:
“ ‘A discharge in bankruptcy releases liability on a bond executed to release property of the bankrupt attached less than four months before the commencement of bankruptcy proceedings, where the bankruptcy statutes make attachments levied against the bankrupt within that time void, although the giving of the bond had released the attachment before the commencement of the bankruptcy proceedings.’
“The court, inter alia, said:
“ ‘It is also quite certain, under both the decisions and the terms of the bankrupt act itself, that if the property had been attached within four months prior to the filing of the petition, and the defendant had been adjudged a bankrupt, it would have been released and discharged; and, if this be so, there can be no reason why the bond which stands in the place of the attachment and the property should not be relieved and released.’
“The court also held that in such a case no judgment with stay of execution could be taken against the bankrupt, with the view of proceeding against the surety.
“While there is some conflict on this question among the cases in other states, the weig'ht of authority supports the conclusion reached by our predecessors in Keyes v. Shannon, supra, that a surety on a release bond given in an attachment suit is relieved by the bankruptcy of the defendant.” [129 La. 134, 55 So. 740.]
We, therefore, find no error in the judgment sustaining the exception of no cause of action and, accordingly, it is affirmed at plaintiff-appellant’s cost.
Affirmed.